### 74884. BOOTH v. THE STATE.
### 74885. BUCHANAN v. THE STATE.
(361 SE2d 868)

BIRDSONG, Chief Judge.

Raymond Booth and David Buchanan appeal their convictions for the offense of armed robbery. James Garrett, manager of the Majik Market on Fort Benning Road, Columbus, Georgia, testified he saw Booth and Buchanan come into the Majik Market about 10:30

a.m. and "they were wandering around so much" he could not help but notice them. One of them made a small purchase and they left. That afternoon, around 1:30 p.m., both defendants came back and "just kept walking around and walking around. . . . I noticed them so much that I asked them if I could help them. . . . And they said no. . . . So when all my customers left, they came up to the counter" and Booth produced a small knife and pressed it to his side while Buchanan leaned against the front of the counter. Booth told him: "I want all your big bills," and reached into the cash register and pulled out the paper bills. Three bills had been marked and their serial numbers recorded, and when they were pulled from the register they activated a camera which photographed part of the robbery scene. Buchanan can be seen leaning on the counter and alternately looking away from the robbery scene and then looking at the robbery scene a few feet away. After removing the paper bills, both defendants ran out the door.

Another witness saw both defendants running outside the store in the direction of the Cross Keys apartments. That witness had seen one of the defendants working on a car in the Sherwood apartments that morning and related that sighting to the police. The police went to the apartment of Elton Dumas and he gave them consent to search. The officers went into the bedroom and found both defendants, attempting to hide. Both men had been drinking and had the odor of alcohol about them. A search of Booth revealed the money taken from Majik Market, including the marked bills. Booth had a small knife and Buchanan had a box cutter knife. The detective who questioned both defendants said they smelled like alcohol, but were walking and talking "fine." About four hours after their apprehension, both defendants appeared to be "drunk" and had to be awakened to be questioned.

Booth testified that he and Buchanan had been drinking all night and all morning. When he went to the Majik Market, he was not planning a robbery and said he did not know he was going to do it until he heard himself say: "Give me your money." He said the robbery was his idea and Buchanan did not participate in it. Buchanan asked him: "Why did you do that," and he said: "I can't believe I done it, either." Buchanan denied participating in the robbery and disclaimed knowledge of it even though he was a few feet away. He admitted running from the store "because I was scared . . . but not to be running because I was in on it. Because I didn't know nothing about it." *Held*:

Both defendants enumerate the general grounds as error. Booth relies upon a defense of intoxication and Buchanan upon a lack of participation. Voluntary intoxication is not an excuse for a criminal act in Georgia. OCGA § 16-3-4. As long as a criminal defendant can

distinguish between right and wrong, can reason and act rationally when sober, and he voluntarily deprives himself of reason by intoxication and commits an offense while intoxicated, he is criminally responsible for his actions. *Williams v. State*, 237 Ga. 399, 400 (228 SE2d 806). Unless the defendant was so intoxicated as to be unable to know, understand and intend to do the act, it cannot be said that his act was not intentional. *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 882 (285 SE2d 566).

Buchanan denies participation; and mere presence at the scene, without any evidence to show further participation, is insufficient to authorize conviction (*Muhammad v. State*, 243 Ga. 404, 405 (254 SE2d 356)), but the pictures taken during the robbery show Buchanan within a few feet of the person being robbed and, at times, looking at the robbery during its occurrence, then running from the scene and attempting to hide during the police search of the apartment where Booth was hiding. "Flight," or leaving the scene of a crime where innocence is claimed at trial, presents a jury question as to whether the defendant left for the stated reason or because of a "consciousness of guilt." *Wynn v. State*, 152 Ga. App. 479, 481 (263 SE2d 258). Any conduct of a person indicating a consciousness of guilt, such as flight or concealment, is admissible evidence for whatever value the jury decides to give. *Bridges v. State*, 246 Ga. 323, 324 (271 SE2d 471).

When viewed in the light favorable to the verdict, as an appellate court is required to do, the evidence of record is sufficient to enable any rational trier of facts to find the existence of the offense charged against both defendants, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); see also *O'Neal v. State*, 239 Ga. 532 (1) (238 SE2d 73).

*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1987.

*H. Haywood Turner III*, for appellants.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney*, for appellee.