S92A1497. HAYES v. THE STATE.
(426 SE2d 886)

HUNT, Presiding Justice.

Henry Hayes was convicted of the malice murder of his father and sentenced to life imprisonment. He appeals, claiming ineffective

assistance of counsel. We affirm.[1]

The evidence shows that on the night of the murder the defendant met friends at a crack house where he smoked crack and marijuana and drank beer. Later, the defendant walked to the home of his parents, with whom he was staying. Shortly after arriving at the house, the defendant went to his parents' bedroom and demanded money for crack. The defendant attacked his father, who was in bed, with a knife, inflicting multiple wounds on his face, chest and hands. The defendant's mother ran from the house to call for help. When the police arrived, they found the defendant placing his mother's purse in the bed of a pickup truck. As the police approached, the defendant blurted out, "I did it! I'm the one you're looking for." In the police car, the defendant told the police that he had become enraged with his father when he refused to give him money for crack cocaine. Police found the defendant's father on the living room floor; efforts were made to stop the bleeding, but the victim died later at Grady Hospital. At trial the defendant claimed that he had suffered a blackout and could recall nothing of the events surrounding his father's death.

The defendant was found guilty of malice murder and sentenced to life imprisonment. He was represented at a motion for new trial by appointed counsel (motion counsel), who raised a claim of ineffective assistance of counsel on the part of the trial counsel. After the denial of the motion for new trial, appellate counsel was appointed and now raises claims of ineffective assistance of counsel as to both the trial counsel and the motion counsel.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant through appellate counsel raises a second claim of ineffective assistance of counsel against trial counsel, basing that claim on grounds which are different from those supporting the original claim of ineffective assistance and which we shall discuss in Division 3, infra.[2] A defendant has an obligation to raise all allegations of ineffective assistance of counsel at the earliest practicable moment, and any allegation not raised is deemed waived. *Ponder v. State*, 260 Ga. 840 (400 SE2d 922) (1991).

3. Defendant also argues that he received ineffective assistance

---

[1] The murder occurred in the early morning hours of January 5, 1991. Hayes was found guilty of malice murder on July 17, 1991, and sentenced to life imprisonment. Motion for a new trial was filed on August 15, 1991, and overruled on June 25, 1992. The defendant filed notice of appeal in this Court on July 21, 1992. The appeal was docketed on September 2, 1992, and argued on November 11, 1992.

[2] Hayes asserts no error concerning the trial court's ruling on the *original* claim of ineffective assistance.

from counsel who represented him at the hearing on the motion for new trial. For reasons of judicial economy, and because the trial court has already heard one such claim, we will address the merits of this contention rather than remanding the matter to the trial court. See *French v. State*, 261 Ga. 424 (405 SE2d 35) (1991). In determining whether or not a defendant received effective assistance of counsel we apply the test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The test is in two parts, the first being a measure of the performance of counsel and the second requiring that the deficient performance of counsel not prejudice the defense. Since resolution of the issue before us turns on whether there was prejudice to the defense, we address only the second prong of the test. To make a showing of prejudice to the defense, a defendant must establish that, but for the inadequate performance of counsel, there is a reasonable probability that the result would have been different. Thus, in the present case, involving as it does a claim against counsel's performance at the motion hearing, the defendant must show that there is a reasonable probability that, but for the ineffective assistance of motion counsel, a new trial would have been granted.

(a) First, the defendant contends that motion counsel was ineffective because he did not raise as grounds for ineffective assistance of counsel the trial counsel's failure to object to the instruction on voluntary intoxication given by the trial court to the jury. While we will have to address the question of whether or not the trial court erred in instructing the jury as it did, the issue is whether the trial court would have granted a new trial if the claim of ineffectiveness had been raised by motion counsel.

The trial court gave the following charge to the jury:

Voluntary intoxication is not a defense to a crime unless such intoxication has resulted in the alteration of brain function so as to negate intent. Even then, the brain function alteration must be more than temporary.

Defendant argues that such an instruction was harmful because it relieved the state of the burden of proving every element of the offense and shifted to the defendant the burden of proving a permanent brain alteration.

The charge delivered to the jury and to which defendant objects is quoted directly from this Court's decision in *Horton v. State*, 258 Ga. 489, 491 (371 SE2d 384) (1988). As the charge is a correct statement of law, it is obvious that the trial court did not err. Equally obvious is the conclusion that the defendant would not have been granted a new trial had motion counsel set forth trial counsel's failure to object to these instructions.

(b) The defendant contends that motion counsel was ineffective because he did not set forth trial counsel's failure to properly authenticate medical records as grounds for the ineffective assistance claim against trial counsel. First, the ruling of the trial court with respect to the records was correct. The medical records contained the opinions and evaluations of persons not present at trial; the defendant failed to properly authenticate these records and the trial court refused to admit them on the ground that a proper foundation had not been laid for their admission. But, again, our inquiry is whether motion counsel's failure to raise this lack of authentication as evidence of ineffective assistance would have resulted in a new trial.

The documents at issue are reports completed by staffers at the Fulton County Rehabilitation Center during an earlier period when the defendant was undergoing treatment for cocaine addiction. The defendant argues that the medical records would have been instrumental in establishing his cocaine psychosis. While the trial court did not allow admission of the medical records into evidence, the defendant's expert was allowed to testify at length on the defendant's history of drug use, the physical and mental effects of defendant's alleged addiction, and his own opinion as to the defendant's state of mind on the night of the crime. On cross-examination, the defendant's expert testified that his own interview with the defendant had shown no indication of psychosis. The state's medical experts gave testimony rebutting the conclusions of the expert. Police officers testified about the statements made by the defendant upon their arrival at the scene as to his actions and motives. Given this testimony and the burden on the defendant to show intoxication that was substantial and not temporary, there is no reasonable likelihood, much less probability, that the trial court would have granted a new trial had motion counsel based his claim of ineffective assistance of counsel on trial counsel's failure to properly authenticate records dealing with a period of treatment prior to the time of the murder.

(c) The defendant claims that motion counsel was ineffective in that he did not set forth as grounds for ineffective assistance the trial counsel's failure to object to the trial court's decision to allow the state to present improper rebuttal evidence. The defendant maintains that since he was not allowed to present the medical records ((b), supra), the trial court should not have permitted rebuttal of his defense of psychosis which, he claims, was supported by the records. While we do not have an indication from the defendant as to the contents of these records, defendant's expert did testify at some length in support of the defendant's claim of psychosis. Thus, even though the medical records were not admitted, rebuttal on this issue by the state was proper and the trial court was well within its discretion in allowing it. Failure to make a meritless objection cannot be evidence of

ineffective assistance. Accordingly, motion counsel was not ineffective on this ground.

(d) As further grounds for the claim of ineffective assistance of counsel, defendant points to motion counsel's failure to maintain that trial counsel was ineffective because he did not object to the trial court's decision to allow certain records to go to the jury room during deliberation. Of course, without an objection, the trial court properly permitted the records to go to the jury room. *Smithwick v. State*, 199 Ga. 292 (10) (34 SE2d 28) (1945). Again, however, our question is whether the trial court would have ordered a new trial if this lack of objection had been offered as grounds for ineffective assistance, and that question is answered by determining if allowing the documents to go out with the jury contributed to the verdict and was therefore harmful.

The reports sent out with the jury included the medical examiner's report, the doctor's report and the evaluation by the state's expert witness. Two documents, the medical examiner's report and the doctor's report, present no problems since these reports were consistent with the defense that random stab wounds were indicative of cocaine psychosis. *Proctor v. State*, 235 Ga. 720 (221 SE2d 556) (1975). As to the third document, the evaluation of the state's medical expert, we find any error to be harmless.

As we have said, the defense presented was that because of intoxication the defendant lacked the necessary intent. The police testified that when they approached the defendant, he blurted out, "I did it! I'm the one you're looking for." Later, in the police car, the defendant told the police of his motives for the crime. The defendant's own expert witness, who testified in support of the psychosis defense, stated on cross-examination that he had found no evidence of psychosis in his interview with the defendant. Three experts for the state presented testimony rebutting the psychosis defense and were themselves subject to cross-examination. In light of the strength of the evidence against the defendant, and its cumulative nature, and the weakness if not nonexistence of the evidence supporting his defense, the decision to allow the reports to go into the jury room was not harmful error. Therefore, it is not probable that, but for the fact that motion counsel did not set forth trial counsel's failure to object as grounds for a claim of ineffective assistance of counsel, a new trial would have been granted.

4. We have reviewed defendant's other enumerations of error and find them to be without merit.

*Judgment affirmed. Clarke, C. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED MARCH 15, 1993.

*Megan C. DeVorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, Leonora Grant, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.