A94A2503. MOORE v. THE STATE.
(454 SE2d 638)

SMITH, Judge.

Wayne Moore was convicted of aggravated assault. He appeals following the denial of his motion for new trial.

1. Moore challenges the sufficiency of the evidence to convict him. He does not deny that his companion, Marshall Moore, hit victim Craig Rimpley with "some object" while Moore himself was engaged in a "fistfight/scuffle" with Rimpley. However, he argues that the evidence of his *intent* was merely circumstantial. Moore contends he established a reasonable possibility that he "only intended to engage in a fistfight with Mr. Rimpley and that he did not intend to be a party to an aggravated assault by encouraging or aiding Mr. Marshall Moore in the use of a weapon."

Even accepting Moore's premise, we observe that, without ques-

tion, a person who engages another in a fistfight while the other is simultaneously being beaten with an object by the person's confederate necessarily "aids and abets" the confederate in his assault upon the other, and is therefore a party to the crime committed by the confederate. OCGA § 16-2-20 (b) (3). We find no error under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Moore contends there was a fatal variance between the allegata and probata because the indictment alleged that Rimpley was beaten with "a certain stick" when Rimpley testified that the object was a "blackjack" — a "foot-and-a-half long piece of hard, black rubber" which was "flexible" and "weighted at one end or the other." The "stick" referred to in the indictment was described as "the butt end of a boat oar which had been sawed off and then squared off." This particular "stick" was brandished by Moore that evening, but Rimpley was of the opinion that he was hit with a different object.

Moore theorizes that the "certain stick" could have produced "massive trauma, broken bones and possibly death" — injuries different in kind from the injuries suffered by Rimpley. We may safely assume this is so. However, it does not follow, as Moore suggests, that such a stick could not have caused the less-than-catastrophic injuries Rimpley in fact suffered. Because the stick could have produced injuries similar to those Rimpley suffered, we do not agree that any variance in proof hindered Moore's ability to present his defense. See generally *Battles v. State*, 262 Ga. 415, 417-418 (5) (420 SE2d 303) (1992). The trial court did not err in denying Moore's motions for directed verdict and new trial on this basis.

*Judgment affirmed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 28, 1995.

*James D. Love*, for appellant.
*Harry N. Gordon, District Attorney, Greg K. Schwartz, Assistant District Attorney*, for appellee.