A97A0560. TAYLOR v. THE STATE.
A97A0629. TAYLOR v. THE STATE.
(486 SE2d 601)

BLACKBURN, Judge.

David Scott Taylor and his brother, James Taylor, were convicted of aggravated assault in connection with a fight at a Waffle House restaurant. Each appeals his conviction, contending that the trial court improperly allowed hearsay testimony. James Taylor also contests the sufficiency of the evidence supporting his conviction.

The Taylors became involved in a fight with another guest, Billy Winnett, at the restaurant. When Winnett's friends tried to intervene, one of them, Roger Beahm, was stabbed with a steak knife. David Taylor confessed to police that he was the one who stabbed the victim, and that James Taylor did not handle the knife. The evidence adduced at trial showed, and the parties admit in their appellate briefs, that David Taylor had light brown hair and was wearing a white t-shirt the night of the incident, while James Taylor had dark hair and was wearing a pink t-shirt. Other testimony was also presented that the man in the white shirt, David Taylor, was the one who stabbed Beahm.

At trial, the State sought to introduce a statement given by a witness, Jerome Cronin, to a policeman on the night of the incident. The court overruled defendants' hearsay objection, finding that the statement was part of the res gestae. The policeman then testified that Cronin told him he had seen a man with light brown hair wearing a pink t-shirt pick up a steak knife during the fight. According to the officer, Cronin said he did not see the knife after this point.

1. Both Taylors contend the trial court erred in admitting Cronin's statement as part of the res gestae. Res gestae is defined in OCGA § 24-3-3 as "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought." "[S]uch declarations[ ] must be contemporaneous with the main fact, but need not be precisely concurrent in point of time; it is sufficient if such declarations spring out of the transaction, if they elucidate it, if voluntary and if made at such time as reasonably to exclude the idea of design." (Punctuation omitted.) *Brown v. City of Fitzgerald*, 177 Ga. App. 859, 862 (3) (341 SE2d 476) (1986).

"The admissibility of such declarations . . . is left to the sound discretion of the court in determining from the time, circumstances and statements in question, whether declarations meet the requirements of being free from all suspicion of device or afterthought." (Punctuation omitted.) *South Ga. Brokers v. Fidelity Bankers Life Ins. Co.*, 153 Ga. App. 503, 506 (265 SE2d 815) (1980). "A trial judge's determination that evidence is admissible as part of the res gestae will not be disturbed unless it is clearly erroneous." *Robinson v. State*,

197 Ga. App. 600, 601 (2) (399 SE2d 94) (1990).

Cronin's statement was given to an investigating officer at the scene shortly after the incident. "Hearsay statements made to an investigating officer shortly after the incident are part of the *res gestae* and are admissible at trial." *Brown*, supra at 862 (3). See also *Powell v. Jackson*, 142 Ga. App. 34, 35 (234 SE2d 837) (1977) (statement to police officer part of res gestae); *Land v. McClure*, 135 Ga. App. 243, 244 (2) (217 SE2d 600) (1975) (statements made to officer 20-30 minutes after incident admissible). Statements of nonparty witnesses, in addition to statements of defendants, are admissible under the res gestae doctrine. See *Williams v. State*, 162 Ga. App. 415 (291 SE2d 732) (1982). Although the better practice is to subpoena such witnesses to testify in person and be subject to cross-examination, the trial court has the discretion to allow res gestae statements provided the requirements thereof are satisfied.

The fact that Cronin might have misidentified the suspect does not render his statement inadmissible. Cronin identified the man with the knife as wearing a pink shirt and having light brown hair, although it was clearly established that James Taylor, who was wearing the pink shirt, had dark hair. However, the fact that statements may reflect confusion on the part of the speaker does not render them inadmissible as part of the res gestae. See *Thomas v. State*, 242 Ga. 712, 714 (1) (251 SE2d 294) (1978).

Under these circumstances, we cannot say that the trial court abused its discretion in allowing Cronin's statement.

2. James Taylor also contests the sufficiency of the evidence supporting his conviction. A person may be found guilty of being a party to a crime if he intentionally aids and abets another in the commission of the crime. OCGA § 16-2-20 (b) (3). "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Punctuation omitted.) *Looney v. State*, 221 Ga. App. 224, 225 (471 SE2d 243) (1996).

Viewed in the light most favorable to the verdict, the evidence showed that James Taylor initiated the fight by hitting Billy Winnett, and that David Taylor then joined the fight. When Beahm tried to intervene to pull Billy Winnett away, David Taylor stabbed Beahm. James Taylor then hit another victim, Allen Winnett, across the back with a chair. There was testimony that both Taylors then followed the victims out of the restaurant, and that the man in the pink shirt hit Billy Winnett while he was in the car. A waitress testified that the man with the pink shirt and dark hair was holding a knife after the fight, and that a girl with him took the knife and

threw it into the bushes.

The jury was authorized from this evidence to find James Taylor guilty of aggravated assault beyond a reasonable doubt. This case is similar to *Moore v. State*, 216 Ga. App. 450, 451 (454 SE2d 638) (1995), where we affirmed Moore's conviction for aggravated assault despite his contention that he was merely engaged in a fistfight while his companion used a weapon. We held that such a defendant "necessarily 'aids and abets' the confederate in his assault upon the other, and is therefore a party to the crime committed by the confederate." Id. at 451. In this case, James Taylor and David Taylor were involved in a fistfight with Billy Winnett, and Beahm was stabbed while attempting to pull Winnett away from the fight. After the stabbing, James Taylor hit another of Winnett's friends with a chair. The jury also could have found that James Taylor continued the fight by hitting Billy Winnett in the car as they were trying to escape, and that he helped dispose of the knife. The jury was thus authorized to infer the requisite intent and find James Taylor guilty beyond a reasonable doubt of being a party to the crime of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgments affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 18, 1997 —
RECONSIDERATION DISMISSED MAY 2, 1997 — Before Judge Flournoy.

*Gregory A. Hicks*, for appellant (case no. A97A0560).

James Taylor, *pro se.*

*Lawrence W. Daniel*, for appellant (case no. A97A0629).

*Thomas J. Charron, District Attorney, Beth T. Golub, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.