A97A0792. HOLEMAN v. THE STATE.
(487 SE2d 700)

</div>

POPE, Presiding Judge.

Defendant Dwight Boyce Holeman was convicted following a jury trial of three counts of aggravated assault upon a peace officer, possession of a firearm by a convicted felon, and simple battery. The trial court also found defendant to be a habitual felon under OCGA § 17-10-7 (a). Defendant appeals following the denial of his motion for new trial.

1. Defendant first contends the trial court erred in failing to give his requested charge on felony obstruction of a police officer as a lesser included offense of aggravated assault on a police officer. Under OCGA § 16-1-6 an offense may be included within another offense if "(1) [i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) [i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." "In determining whether a lesser included offense charge is necessary under a given indictment, this Court is required to follow the most recent Supreme Court cases of *Edwards v. State,* 264 Ga. 131 (442 SE2d 444) (1994), and [*State v. Alvarado,* 260 Ga. 563, 564 (397 SE2d 550) (1990)]." *Strickland v. State,* 223 Ga. App. 772, 776 (1) (b) (479 SE2d 125) (1996).

The indictments in this case alleged that defendant "did make an assault upon [a] person . . . , knowing said person was a peace officer engaged in the performance of his official duties, said assault being with a deadly weapon, to wit: a .357 magnum pistol, by moving said deadly weapon to point in the direction of said peace officer. . . ." The offense of felony obstruction is committed when a person "knowingly and willfully resists, obstructs, or opposes any law enforcement officer, . . . in the lawful discharge of his official duties by offering or

doing violence to the person of such officer. . . ." OCGA § 16-10-24 (b).

We agree with the defendant that the indictment in this case was sufficient to put defendant on notice that he might be convicted of the "lesser" offense of felony obstruction of a law enforcement officer, and that the evidence presented at trial would support such a charge. Cf. *Strickland*, 223 Ga. App. at 776-777 (1) (b). Under these circumstances, the trial court erred by refusing, upon written request, to charge the jury on the lesser included crime.

It does not follow, however, that reversal is required. Our review of the record shows that the evidence that defendant committed the aggravated assaults was overwhelming, and that, therefore, it is highly probable that the failure to give the requested charge did not contribute to the verdict in this case. *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994); *Young v. State*, 217 Ga. App. 144, 146 (1) (456 SE2d 733) (1995). Thus, the error was harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976); *Howard v. State*, 220 Ga. App. 579, 583 (2) (469 SE2d 746) (1996).

2. Defendant argues the trial court erred in admitting similar transaction evidence involving the defendant and the battery victim because the prior and present offenses were not sufficiently similar. Our review of the record shows this contention to be meritless. Both offenses were perpetrated against the same victim. Both offenses involved a domestic dispute in which the defendant argued with and repeatedly struck his girl friend. A firearm was used in both crimes, and in addition to the victim, defendant either shot or threatened to shoot others at the scene. The trial court did not err in admitting the evidence of the prior crime under the facts of this case. *Richards v. State*, 222 Ga. App. 853, 855 (2) (476 SE2d 598) (1996); see also *Malone v. State*, 226 Ga. App. 185 (486 SE2d 57) (1997).

3. Contrary to defendant's final enumeration of error, the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 18, 1997 — 

 Before Judge Pannell.

*Michael A. Corbin*, for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.