S03A1160. PHILLIPS v. THE STATE.
(587 SE2d 45)

CARLEY, Justice.

In *Phillips v. State*, 275 Ga. 595 (571 SE2d 361) (2002), we affirmed Eric Phillips' convictions and sentences for murder and related offenses, but remanded for an evidentiary hearing on his claim of ineffective assistance of trial counsel. After conducting the hearing, the trial court entered an order finding no merit in the claim. Phillips appeals from that order.

To prevail, Phillips must show that his attorney's performance was deficient and that, but for the deficient performance, a reasonable probability exists that the trial would have had a different outcome. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In making those showings, he must overcome the strong presumption that the lawyer's performance falls within the wide range of reasonable professional assistance. *Rucker v. State*, 271 Ga. 426, 427 (520 SE2d 693) (1999). That presumption of reasonable performance was reenforced in this case by the attorney's own testimony at the hearing. Having heard all of the evidence, the trial court found that Phillips' constitutional right to effective defense counsel had not been violated, and, on appellate review, " 'we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Cit.)' [Cit.]" *Boyd v. State,* 275 Ga. 772, 776 (3) (573 SE2d 52) (2002).

(a) Phillips urges that the lawyer should have challenged for cause a prospective juror on the ground of bias in favor of the prosecution. See *Phillips v. State,* supra at 596 (2). According to counsel, his inaction was a strategic decision based upon the colloquy between the trial court and the juror. In his opinion, the questioning demonstrated that the trial court "rehabilitated the juror to [its] satisfaction. In light of that, I would have viewed . . . a challenge for cause as a waste of time because the Court had already indicated in its questions that it was satisfied with his answers." The trial court agreed with this assessment, finding that the juror

> did not display a definite and fixed opinion regarding the guilt or innocence of defendant, nor did he indicate an inability or unwillingness to listen to the evidence, apply the law, deliberate with fellow jurors and/or reach a verdict. Therefore, there was no basis for the Court to strike him for cause and no requirement for trial counsel to make an unfounded motion to do so.

The reasonableness of an attorney's conduct is viewed as of the time of trial and under the circumstances of the case. *Berry v. State,* 267 Ga. 476, 479 (4) (480 SE2d 32) (1997). Whether a prospective juror is subject to a challenge for cause is a matter which lies within the sound discretion of the trial court. *Corza v. State,* 273 Ga. 164, 166 (3) (539 SE2d 149) (2000). Considered from the perspective of voir dire and not from hindsight, the circumstances clearly authorized counsel to conclude that the trial court had exercised its discretion and determined that the juror was not disqualified on account of bias. Since an effort to strike the juror would have been unsuccessful, the attorney was not deficient for failing to make the losing motion to do so. See *Whitaker v. State,* 275 Ga. 521, 525 (7) (a) (570 SE2d 317) (2002); *Hufstetler v. State,* 274 Ga. 343, 346 (3) (553 SE2d 801) (2001).

(b) Phillips lived and worked in California, and claimed that he was there at the time of the murder. His employer, whose name was Smith, did not testify. During the cross-examination of an FBI agent, however, defense counsel asked whether Smith had corroborated the alibi. The agent responded that, "while being interviewed, Smith stated that [Phillips'] mother had asked Smith to say that [her son] was at work at the time of the shooting when, in fact, he was not." *Phillips v. State,* supra at 598 (6). Phillips urges that, by eliciting this testimony from the agent, the attorney provided ineffective representation.

According to counsel, he did not formally interview the agent

before trial, because he did not want to reveal the questions he would ask on cross-examination. However, Phillips' mother had provided him with a letter purportedly from Smith which supported the alibi. Because the employer was not present and Phillips' mother expressed a desire not to testify, the attorney believed that there was no other way to advance the alibi defense other than to inquire about the agent's conversation with Smith. He posed the question in the expectation that the information the agent learned in the interview with Smith would be consistent with the contents of the letter.

The Constitution does not guarantee representation by a lawyer who is errorless or who is deemed ineffective after the fact, but one who renders reasonably effective assistance. *McGill v. State*, 263 Ga. 81, 82 (2) (428 SE2d 341) (1993). "[T]he proper emphasis is on whether counsel's actions, under the circumstances then existing, were reasonable. [Cit.]" *Belton v. State*, 270 Ga. 671, 673 (3) (512 SE2d 614) (1999). How to conduct cross-examination is a strategic and tactical decision within the exclusive province of the attorney after consultation with the client. *Van Alstine v. State*, 263 Ga. 1, 3 (426 SE2d 360) (1993). Here, pursuit of the cross-examination was premised on a letter supplied by the accused's own mother. "Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Strickland v. Washington*, supra at 691 (III) (A). The lawyer had no reason to believe that the agent's response to the question would differ from the information contained in the letter attributed to Smith. See *Nicholson v. State*, 265 Ga. 711, 714 (4) (462 SE2d 144) (1995).

Phillips contends that the cross-examination was unnecessary because his mother subsequently testified and corroborated his alibi. As noted, however, when the agent was on the stand, Phillips' mother had expressed a desire not to become a witness. According to counsel he felt at that time that he

> had no choice but to try to get the alibi out through this FBI agent. I had no other witness, so it was either ask him questions about it or forego it . . . . [I]n order to proffer any type of alibi defense at all, if I didn't try to get it out from this witness, there was no other opportunity.

Thus, the evidence shows that the cross-examination was undertaken in the belief that, even if unsuccessful, it was the only means then available to attempt to bolster Phillips' alibi. "With the benefit of hindsight, it would appear that this strategy may have backfired. But that is not to say that it was ineffective." *Callendar v. State*, 275 Ga. 115, 117 (3) (a) (561 SE2d 113) (2002). Informed strategic deci-

sions do not constitute ineffective legal assistance. *DeYoung v. State*, 268 Ga. 780, 785 (5) (493 SE2d 157) (1997). The trial court was authorized to find that, based upon the circumstances as they appeared at the time, the cross-examination of the agent was an informed and reasonable trial tactic. Thus, there was no violation of the constitutional right of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.