A06A2246. JOHNSON v. THE STATE.
(644 SE2d 544)

ANDREWS, Presiding Judge.

Linard Johnson appeals his convictions for aggravated assault and possession of cocaine. He contends the trial court erred when it (1) required him to introduce a certified copy of the victim's prior conviction to impeach the witness; (2) instructed the jury on prior consistent statements; (3) sentenced him as a recidivist under OCGA § 17-10-7 (c); and (4) held that trial counsel had not been ineffective. We find no reversible error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence showed that as Johnson and his girlfriend argued over a woman's telephone number that she found in his clothing, he began cursing her, pushed her down on a bed, strangled her with both hands, and threatened to kill her. The victim broke free, ran downstairs, and called 911, asking police to come quickly before hanging up. She then saw Johnson standing near her with an open knife in his hand. Johnson said that he should kill her, and that he should "gut" her because he was sick of her. The police then arrived, and the victim ran out of the apartment, pointing back at the front door and screaming that Johnson had a knife and was trying to kill her. Johnson was indeed at the door, looking "very surprised." When the officer ordered Johnson to come out, Johnson slammed the door shut.

When the officer entered the apartment, he could not see anyone, but ordered whoever was inside to come out with their hands up. Johnson came out of a storage unit under the stairs with his hands up. After he was apprehended, a small ziplock baggie containing what was later determined to be cocaine was taken from Johnson's right rear pocket. The officers also found and seized an open lock blade knife from a speaker near the apartment's front door. The arresting officer testified that Johnson stated spontaneously in the course of his arrest that he was not crazy, but that if he were crazy, he would have come out of the house with the "knife still in his hand."

The jury found Johnson guilty of aggravated assault and possession of cocaine, but acquitted him of simple battery. He was sentenced to twenty years with ten to serve for the aggravated battery and thirty years with ten to serve for possession of cocaine. Johnson's motion for new trial was denied.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Johnson contends the trial court erred by requiring him to introduce a certified copy of the victim's prior conviction, with the resulting loss of final closing argument, or forego questioning her about her probationary status, thus denying him rights guaranteed by the United States and Georgia Constitutions. We agree but find that, given the overwhelming evidence against Johnson, it is highly probable that this error did not contribute to the judgment.

Under the criminal procedure at the time of this trial in September 2004, "[i]f the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed." OCGA § 17-8-71 (2004).[1] By requiring Johnson to introduce the evidence of the victim's conviction, the trial court deprived Johnson of the right to open and close the final argument. Although Johnson testified in his own defense, he could do so without losing his right to open and close final argument. *Scott v. State*, 243 Ga. 233, 234 (2) (253 SE2d 698) (1979).

"The right to make the final argument to the jury is an important right and harm to the defendant is presumed on appeal when the right is erroneously denied. However, the presumption is not absolute and the error may be shown to be harmless." *McDuffie v. Jones*, 248 Ga. 544, 547 (283 SE2d 601) (1981), overruled on other grounds, *West v. Waters*, 272 Ga. 591, 593 (3) (533 SE2d 88) (2000). More precisely, the question is whether it is "highly probable that the error did not contribute to the judgment." *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

---

[1] The Criminal Justice Act of 2005 amended OCGA § 17-8-71 to delete the last sentence of the prior version of OCGA § 17-8-71 and to substitute the following sentence in its place: "The defendant shall be entitled to make a closing argument prior to the concluding argument of the prosecuting attorney." Ga. L. 2005, p. 20, § 17 provides that the amendment applies to trials which begin on or after July 1, 2005.

The jury apparently believed the victim's testimony, despite her impeachment by prior conviction. Even ignoring it entirely, however, the remaining evidence leads inexorably to the conclusion that Johnson committed the aggravated assault. The victim's brief whispered call to 911 was played for the jury, and she remained visibly terrified of and remained terrified of Johnson even after he was taken into custody. When police arrived at the scene, they saw the "panicked" victim run out of her apartment, heard her say that Johnson had a knife, and saw her point toward the front door. Johnson, who looked "very surprised" at the advent of police, was in fact at the door, which he slammed in the officers' faces. Johnson's act of hiding under the stairs was evidence of consciousness of guilt, see *Booth v. State*, 184 Ga. App. 494, 496 (361 SE2d 868) (1987), and his statement that if he were crazy he "would have come out of the house with the knife still in his hand" was an admission of a party opponent. See OCGA § 24-3-34; *Stanford v. State*, 272 Ga. 267, 270 (4) (528 SE2d 246) (2000).

Finally, Johnson's testimony in his own defense was incredible and nonsensical, as when he claimed that (a) the victim pushed him down on the bed and began to choke him; (b) he retreated into the bathroom to allow the situation to "calm down"; (c) after turning around three or four steps up the interior staircase and seeing an officer outside the front door with his gun drawn, he went back downstairs, closed the door, and then went upstairs for "4 or 5 minutes" to put on the shorts in which the cocaine was found; and (d) because both he and the victim sometimes wore the shorts, the cocaine found in them must have been the victim's.

The record here supports the trial court's judgment that the evidence against Johnson was indeed overwhelming, and that it is therefore highly probable that the error did not contribute to the jury's verdict. See *Holeman v. State*, 226 Ga. App. 879, 880 (1) (487 SE2d 700) (1997). We also note that the evidence was sufficient to sustain his convictions for both aggravated assault and possession of cocaine. OCGA §§ 16-5-21 (a); 16-13-30 (a), (c); *Jackson*, supra.

2. We reject Johnson's contention that the trial court erred when it charged the jury on prior inconsistent statements. Johnson himself requested that charge, and thus induced any error. See *DeLoach v. State*, 272 Ga. 890, 892 (536 SE2d 153) (2000).

3. Johnson also argues that the trial court improperly sentenced him as a recidivist under OCGA § 17-10-7 (c) because the State failed to prove the required number of previous convictions. Again, we disagree.

Specifically, Johnson contends that the State's exhibit showing that he was given first offender treatment should not have been considered a conviction for sentencing purposes. See *Davis v. State*,

273 Ga. 14, 15 (537 SE2d 663) (2000) (first offender's guilty plea does not constitute a conviction until an adjudication of guilt is entered). He also argues that the State "double-counted" his other convictions because it used one of these to enhance his punishment under OCGA § 16-13-30 (c) and the same conviction to do so under OCGA § 17-10-7. Pretermitting whether the State established a valid adjudication of guilt for this first offender plea, however, proof of Johnson's other convictions was sufficient to authorize punishment under both of these Code sections. See *Butler v. State*, 277 Ga. App. 57, 62 (4) (625 SE2d 458) (2005) (a conviction may be used to enhance punishment under both OCGA §§ 17-10-7 (c) and 16-13-30).

4. Finally, Johnson argues that trial counsel was ineffective when he (a) acquiesced in the trial court's ruling requiring him to introduce a copy of the victim's felony conviction; (b) failed to object to the introduction of the victim's previous out-of-court statements to the officer; (c) requested the charge on prior inconsistent statements; and (d) failed to object to the introduction of Johnson's first offender guilty plea. We disagree.

"To prove an ineffective assistance of counsel claim, [a] defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency." *Fargason v. State*, 266 Ga. 463, 465 (4) (467 SE2d 551) (1996), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffectiveness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000).

(a) In an extended sidebar conference, trial counsel opposed the trial court's erroneous ruling concerning the victim's conviction. After that ruling, and faced with a choice either to enter a copy of the victim's conviction into evidence or to forego any inquiry into her bias, counsel made a strategic choice to introduce the conviction. There was no ineffective assistance here. See *Phillips v. State*, 277 Ga. 161, 163-164 (587 SE2d 45) (2003) (outcome of strategic decision to pursue or forego cross-examination could not amount to ineffective assistance).

(b) Trial counsel correctly concluded that the victim's out-of-court statements were admissible as part of the res gestae. See OCGA § 24-3-3; *Taylor v. State*, 226 Ga. App. 339, 339-340 (486 SE2d 601) (1997). Any objection he might have made to them would have therefore been meritless. "Failure to make a meritless objection cannot be evidence of ineffective assistance." *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

(c) As counsel explained at the hearing on Johnson's motion for new trial, Johnson took the stand against counsel's advice, and then denied that he had possessed the knife used in the attack. We will not second guess counsel's strategic decision, taken with a view to supporting his client's testimony, to request a charge on prior inconsistent statements. See, e.g., *Nix v. State*, 280 Ga. 141, 143 (3) (a) (625 SE2d 746) (2006) (strategic decision not to request charge on prior inconsistent statements could not amount to ineffective assistance).

(d) As we have held in Division 3 above, the trial court was authorized to consider the convictions which Johnson claims were double counted. Trial counsel was therefore not ineffective for failing to make an objection concerning them. *Hayes*, supra.

*Judgment affirmed. Johnson, P. J., Blackburn, P. J., Miller, Ellington and Bernes, JJ., concur. Barnes, C. J., concurs in part and dissents in part.*

BARNES, Chief Judge, concurring in part and dissenting in part.

Because the evidence on Johnson's conviction for possession of cocaine is overwhelming and independent of the victim's testimony, I must concur with affirming Johnson's conviction for possession of cocaine and the rulings on errors associated with it. I cannot agree, however, that depriving Johnson of his right to make opening and closing argument granted by OCGA § 17-8-71 was mere harmless error. Thus, I must respectfully dissent from Division 1.

This is a classic case of a trial court refusing to allow a defendant to present his legitimate defense as he had planned, depriving him of what historically has been an important right, and then concluding that the errors created by the prosecution and the trial court were harmless anyway. Here, the trial court required Johnson, unnecessarily, to introduce a certified copy of the alleged victim's prior conviction, when Johnson merely wanted to cross-examine her about her bias because she was on probation, which our law permitted him to do. The trial court, the State, and now this court concedes that this was wrong. Nevertheless, the majority now concludes that the loss of Johnson's right to open and close was harmless error. I cannot agree.

The right to open and close, "is an important right, and its denial will generally cause a reversal of the decision of the lower court. We hold that the presumption arising from the denial of the right is that the party thus deprived of it has been injured." *Seyden v. State*, 78 Ga. 105, 109 (1886). Further, "[h]arm, requiring that a defendant be given a new trial, is presumed when the right is erroneously denied, and the presumption of harm, although not absolute, is not readily overcome," *Hayes v. State*, 268 Ga. 809, 813 (7) (493 SE2d 169) (1997). It is "only in those extreme cases in which the evidence of a defendant's guilt is so overwhelming that it renders any other version of events

virtually without belief," id., that the error is harmless. The harmless error test applied by the majority does not take this standard into account.

Johnson

has shown "presumptive harm" because, to pursue his attempt at impeaching the witness, he was required to introduce evidence and forfeit his right to open and conclude the closing argument. . . . But here, the court erroneously required [Johnson] to choose between effectively [impeaching the victim through cross-examining her about her bias] and giving up the final argument.

(Citation and punctuation omitted.) *Whitehead v. State*, 232 Ga. App. 140, 142 (2) (499 SE2d 922) (1998). Although this court reversed Whitehead's convictions for armed robbery, aggravated assault, and possession of a firearm during the commission of a crime, we found the following evidence sufficient to authorize his conviction: A victim recognized Whitehead during the robbery by his voice, use of a familiar expletive, and his physical build. She promptly called the police and reported that Whitehead was one of the robbers, and gave his address. When the officer went to that address, he could not find Whitehead there, even though Whitehead testified that he was at home sleeping when the robbery occurred. The prosecution also presented evidence that the robbers were familiar with the internal operations and layout of the business robbed. Nevertheless, because "[t]he case largely turned on the credibility of the victim," this court found that the evidence was not overwhelming and reversed the conviction.

In this case, the evidence was far less compelling on the aggravated assault charged and was not so "overwhelming that it renders any other version of events virtually without belief." *Hayes v. State*, supra, 268 Ga. at 813. In ruling on Johnson's motion for new trial, the trial court found that "the evidence against Mr. Johnson was overwhelming, from the whispered phone call that initiated the police contact, to the defendant's actions and the discovery of the knife and the cocaine." Apart from the discovery of the cocaine, all of the other evidence on which the trial court relied comes from the victim.

The officer's testimony about the victim's statements was based upon what the victim told him. The fact that a knife was found appears to have some significance, but only because the victim's testimony made it so. No one else testified that they saw Johnson with it. Further, only the victim and Johnson testified about these events, and they only agreed that there was an altercation and that Johnson was removing his DVD player.

Further, the officer's testimony that Johnson said that if he were crazy, he would have come out of the apartment with the knife still in his hands is not a clear admission that he had the knife. The statement is conditional, and even construing it to mean that Johnson once had the knife in his hand, it does not prove that he threatened the victim with it. Again, like everything else in this case, the knife only has significance because of the victim's testimony.

Additionally, I find the error harmful because we cannot assume that Johnson's defense counsel prepared this case for trial the same way if he had known that the trial court, in mid-trial, would take away Johnson's right to open and close. If he had intended from the outset to impeach the witness with her prior conviction, counsel might have presented other evidence or called witnesses to support Johnson's defense.

Thus, considering the evidence, I cannot say that depriving Johnson of his statutory right to open and close was harmless. "This is not a case where the evidence against [Johnson] was overwhelming or his defense [to the aggravated assault charge] incredible." *Dasher v. State*, 233 Ga. App. 833, 835 (1) (505 SE2d 792) (1998).

Therefore, because I cannot say that this is one of "those extreme cases in which the evidence of a defendant's guilt is so overwhelming that it renders any other version of events virtually without belief," *Hayes v. State*, supra, 268 Ga. at 813, I must respectfully dissent.

DECIDED MARCH 30, 2007 — ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr., District Attorney, Isabel M. Pauley, Assistant District Attorney*, for appellee.