294 Ga. 778
FINAL COPY


S14A0062. FOLSTON v. THE STATE.


MELTON, Justice.

Following a jury trial, Irving Anthony Folston was found guilty of malice murder, felony murder, and various other offenses in connection with the shooting death of Anthony President.[1] On appeal Folston contends, among other things, that the evidence presented at trial was insufficient to support the verdict, inadmissible hearsay was admitted, and that his trial counsel was ineffective. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence

---

[1] On February 24, 2009, Folston was indicted for malice murder, felony murder (predicated on aggravated assault), criminal damage to property, aggravated assault, and three counts of possession of a firearm during the commission of a crime. Following a February 28 — March 2, 2011 jury trial, Folston was found guilty on all charges except for the three counts of possession of a firearm. On March 3, 2011, the trial court sentenced Folston to life imprisonment for malice murder; ten consecutive years for criminal damage to property, and twenty consecutive years for aggravated assault. The felony murder conviction was vacated by operation of law. See Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993). On April 4, 2011, Folston filed a motion for new trial, which was denied on May 15, 2013. Following the payment of costs, Folston's timely appeal was docketed in this Court for the January 2014 Term and submitted for decision on the briefs.

reveals that, on May 1, 2008, Folston met with his drug selling partner, Levaughn Marcel Sloans, gave Sloans a silver revolver, and told Sloans that they needed to "handle" a situation. Stephen Smith, who was with Sloans at the time in order to purchase drugs from him, overheard the conversation between Folston and Sloans. Sloans turned to Smith and said "I got something I got to go do; I have to take care of something." Folston then went with Sloans to look for President, a man who had allegedly stolen drugs and money from Folston in the past. Folston and Sloans drove to a nearby store, where they found President, and Sloans fired at President several times, hitting him in the right side. The bullet traveled through President's heart, killing him. Another bullet fired from the gun hit the tire of a nearby car in which Taisha Wesley was driving with her three sons. Later that evening, Folston approached Smith and told him "I don't want you going around talking about what happened earlier today."

The evidence was sufficient to enable a rational trier of fact to find Folston guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); see also OCGA § 16-2-20 (parties to a crime).

2. Folston contends that the trial court erred in allowing into evidence

Smith's hearsay testimony regarding the statement that Sloans made to him about having "something [that he had] to go do" just before the murder. However, Folston did not object to this testimony at trial. Therefore, he has waived review of this issue on appeal. Bailey v. State, 291 Ga. 144 (2) (728 SE2d 214) (2012).

In any event, even if Folston had objected, the statement would have been properly admitted into evidence as a declaration against Folston by Sloans as a co-conspirator involved in the murder. Indeed, pursuant to former OCGA § 24-3-5,[2] "[a]fter the fact of conspiracy is proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." See also McKinney v. State, 281 Ga. 92, 95-96 (4) (635 SE2d 153) (2006). The State sufficiently proved the existence of the conspiracy to pursue President through evidence independent of Sloans' statement to Smith, as the State presented evidence that Folston and Sloans worked together to sell drugs

---

[2] We note that, as of January 1, 2013, our new Evidence Code has moved the provisions concerning the admissibility of co-conspirator declarations from former OCGA § 24-3-5 to current OCGA § 24-8-801 (d) (2) (E). The reference to the former Code here is necessary in light of the fact that Folston was tried before the effective date of our new Evidence Code.

and that President had allegedly stolen drugs and money from Folston in the past; that Folston handed Sloans a gun; and that Sloans shot President dead very soon after he had been given that gun and he and Folston had gone after President together. Having shown evidence of a conspiracy to pursue revenge against President, Sloans' statement to Smith was properly admitted into evidence. See Thorpe v. State, 285 Ga. 604, 610 (5) (678 SE2d 913) (2009) (Co-conspirator "hearsay statements are admissible when the State at some point before the close of evidence establishes a prima facie case of conspiracy independent of the co-conspirator statement") (citations omitted). This enumeration is without merit.

3. For the reasons stated in Division 2, supra, Folston's contention that his trial counsel was ineffective for failing to object to the admission into evidence of Sloans' statement to Smith is also without merit. Hayes v. State, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993) ("Failure to make a meritless objection cannot be evidence of ineffective assistance.").

Judgment affirmed. All the Justices concur.

4

Decided March 10, 2014.

Murder. Richmond Superior Court. Before Judge Annis.

Trotter Jones, James S.V. Weston, for appellant.

Ashley Wright, District Attorney, Madonna M. Little, Titus T. Nichols, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General, for appellee.