**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 13, 2014**

# In the Court of Appeals of Georgia

A14A0812. ROBINSON v. THE STATE.

MCFADDEN, Judge.

Appellant Shaheed Robinson was indicted and tried before a jury for aggravated assault and aggravated battery of two alleged victims. He was acquitted of aggravated battery as to both but convicted of aggravated assault of one of them. The trial court granted a mistrial on the count alleging aggravated assault of the second alleged victim. Robinson appeals his conviction, arguing that trial counsel was ineffective. Specifically, he argues that trial counsel should have objected to a detective's testimony about a non-testifying co-defendant's statement. Because Robinson has not shown that there is a reasonable probability that the outcome of the proceeding would have been different had trial counsel handled the detective's

testimony in another manner, he has not shown ineffective assistance of counsel. We therefore affirm.

Viewed in the light most favorable to the verdict, *Morris v. State*, 322 Ga. App. 682 (1) (746 SE2d 162) (2013) (citation omitted), the evidence shows that Robinson, co-defendant Timothy Amey, and the second alleged victim were at a club together. After leaving the club, the second alleged victim brought Robinson and Amey to his residence, where the victim also lived. The four men used cocaine and drank alcohol.

Eventually, the second alleged victim drove Robinson and Amey to Amey's apartment, and the victim rode along. When the four men arrived at the complex, the victim asked Amey if he could use the bathroom. Amey answered yes, and he and Robinson led the victim up the back stairs toward Amey's apartment. The second alleged victim waited in the car. As they reached the apartment, Amey turned around and began stabbing the victim with a 12-inch carving knife. The victim turned, and Robinson began stabbing him, too. The victim required immediate surgery, he was in intensive care for three weeks, and he was in the hospital for two months.

Amey and Robinson returned to the car and began stabbing the second alleged victim who had been waiting there. The second alleged victim sustained a laceration to his liver, two puncture wounds to his stomach, and eight lacerations on his arms.

2

The second alleged victim testified that Robinson sent him letters from jail, asking for forgiveness, explaining that he was a follower, not a leader, and asking him not to show up for court.

Both the victim and the second alleged victim identified Amey and Robinson in photographic line-ups, and both identified Robinson in court as one of the men who stabbed them.

The state presented the testimony of Detective Chris Helton who interviewed Amey. Detective Helton testified that Amey told him that Amey was in the car when the incident occurred, that "Mr. Robinson had stabbed both of them[,] and that he was just there as basically a witness and they ran off." On cross-examination, defense counsel confirmed with Detective Helton that Amey had told him that Robinson "actually did the stabbing; that he didn't do anything."

Robinson's recorded interview was played for the jury. During the interview, Detective Jeffery Gant told Robinson that Amey admitted stabbing the passenger, but said that Robinson had stabbed the driver. Robinson eventually admitted that he had a knife during the incident and described in some detail where he and Amey had thrown the knives. He explained that he and Amey had planned to rob the men. And Robinson himself explained why Amey believed Robinson stabbed the men: he told

Amey he had done so. Robinson testified at trial that he and Amey fought the men, but that he did not remember having a knife.

Robinson and Amey each were indicted for the aggravated battery and aggravated assault of the victim and the second alleged victim. Amey's trial was severed from Robinson's, and Amey later pleaded guilty. Robinson now appeals from his aggravated assault conviction.

To prevail on his claim of ineffective assistance of counsel, Robinson must show both deficient performance by trial counsel and actual prejudice. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). The burden on Robinson to make this showing is a heavy one, *Wingate v. State*, __ Ga. __, __ (3) (__ SE2d __) (Case No. S14A1054, decided Oct. 20, 2014), and if he "fails to meet his burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009) (citation omitted). To show prejudice, Robinson must show that but for counsel's deficiency, "there is a reasonable probability that the outcome of the proceeding would have been different." *Wingate*, __ Ga. at __ (3) (citation omitted). Pretermitting whether counsel's performance was deficient, Robinson cannot show prejudice.

4

Robinson argues that trial counsel was ineffective for failing to object when Detective Helton testified that Amey told him that Robinson had stabbed both men. He argues that trial counsel was also ineffective for failing to confront Detective Helton with his own investigative summary, which reflected that Amey admitted stabbing one of the men. We conclude that even had trial counsel objected to the detective's testimony and confronted him with his investigative summary, there is not a reasonable probability that the outcome of the proceeding would have been different, given the overwhelming evidence that Robinson was a party to the crime.

A person may be found guilty of being a party to a crime if he intentionally aids and abets another in the commission of the crime. OCGA § 16-2-20 (b) (3). "Although an individual's presence when a crime is committed, alone, will not be sufficient to convict that person as a party to a crime, if the individual is present and assists in the commission of the crime or shares in the criminal intent of the actual perpetrator of the crime, the individual may be convicted as a party to the crime." *Cornette v. State*, 295 Ga. App. 877, 882 (3) (673 SE2d 531) (2009) (citations omitted). The trial court charged the jury on this legal principle.

Both the victim and the second alleged victim identified Robinson as stabbing them. Robinson admitted intending to rob the men, he admitted fighting the men, he

admitted that he had a knife, and he admitted disposing of the knives with Amey. Even if Amey, not Robinson, actually stabbed the men, the evidence is overwhelming that Robinson nonetheless is guilty as a party to the crime. *Taylor v. State*, 226 Ga. App. 339, 341 (2) (486 SE2d 601) (1997); *Moore v. State*, 216 Ga. App. 450, 450-451 (1) (454 SE2d 638) (1995).

Robinson has not shown that "there is a reasonable probability that the outcome of the proceeding would have been different," *Browder v. State*, 294 Ga. 188, 193 (4) (751 SE2d 354) (2013), had trial counsel responded differently to the detective's testimony. He therefore has not shown that he was prejudiced by counsel's performance and his claim of ineffective assistance of counsel fails.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur*.