## A03A2395. ELROD v. THE STATE.
### (593 SE2d 879)

PHIPPS, Judge.

Paul Elrod was convicted of aggravated assault on a peace officer, interference with government property, driving under the influence, failure to maintain lane, reckless driving, attempting to elude a police officer, driving without a valid license and speeding. With respect to his conviction for aggravated assault, he asserts two errors. He claims that the trial court erred by (1) failing to charge the jury on the lesser included offense of felony obstruction of a law enforcement officer and (2) failing to charge the jury that knowledge is an essential element of the offense of aggravated assault on a peace officer. We agree that the trial court committed both claimed errors and find that Elrod's conviction for aggravated assault on a peace officer must be reversed.

At 2:20 a.m. on January 26, 1998, police officer Tom Kendrick was on routine patrol and observed a pickup truck, driven by Elrod, traveling approximately 60 mph in a 30-mph zone. Kendrick followed Elrod until Elrod's truck swerved off and back onto the road. At that point, Kendrick activated his blue lights and later his siren in an attempt to get Elrod to stop. Elrod did not stop, but continued driving at excessive speeds, sometimes on the wrong side of the road, and failed to stop at several stop signs. Kendrick and several other officers pursued Elrod for approximately 23 minutes before Deputy Sheriff Mark Schrader turned his car into the path of Elrod's truck, forcing him to stop.

During the chase, Schrader attempted to pass Elrod on the left in order to get in front of him and slow him down by use of a rolling roadblock. Schrader testified that as he pulled beside Elrod, Elrod "cut into my car." He further testified that Elrod could clearly see his patrol car at the time of the collision. Later in the chase, Schrader tried to go around Elrod again. Schrader testified that as his car got even with Elrod's truck, Elrod "rammed me on the driver's side of my car." Schrader testified that the headlights on Elrod's truck had gone off shortly before the second collision. The other officers involved in

the chase testified that they did not see a collision between Elrod's truck and Schrader's patrol car.

Elrod testified and admitted that he had had too much to drink but nonetheless drove his truck. He also admitted that he failed to stop when Kendrick signaled for him to do so, that he led several officers on a chase at excessive speeds and that, during the chase, his truck made contact with a patrol car. He testified that his truck did not have sideview mirrors and that when the first collision occurred, he was looking into his rearview mirror. When he looked ahead, he saw that he was running off the road. He then braked and jerked his wheel to regain control. Elrod denied that he had intentionally hit Schrader's car and stated that he was merely trying to keep his truck on the road. He testified that when the second collision occurred, he had lost all power to his truck, was not able to control the steering and had limited braking ability. He denied that he had ever tried or intended to hurt Schrader.

1. Elrod claims that the trial court erred by failing to charge the jury on the lesser included offense of felony obstruction of a law enforcement officer.

Elrod submitted a request to charge the jury on the offense of obstructing or hindering a law enforcement officer as a lesser included offense of aggravated assault on a peace officer, but the court did not give it.

> An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.[1]

The indictment charged Elrod with unlawfully assaulting Schrader, knowing that "Schrader was a law enforcement officer engaged in the lawful discharge of his official duties, with a certain pickup truck, a deadly weapon in the way and manner used, by ramming . . . Schrader's patrol car with said pickup truck." Felony obstruction of a law enforcement officer is committed when a person "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or

---

[1] OCGA § 16-1-6.

doing violence to the person of such officer. . . ."[2] Under the facts of this case, we conclude that felony obstruction of a law enforcement officer was a lesser included offense of aggravated assault on a peace officer.[3]

"A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense."[4]

> We agree with [Elrod] that the indictment in this case was sufficient to put [him] on notice that he might be convicted of the "lesser" offense of felony obstruction of a law enforcement officer, and that the evidence presented at trial would support such a charge. Under these circumstances, the trial court erred by refusing, upon written request, to charge the jury on the lesser included crime.[5]

But the trial court's error does not necessarily require reversal. If, as the state argues, the evidence that Elrod committed the aggravated assault against Schrader was overwhelming, the error was harmless.[6] Aggravated assault, as relevant here, is defined as assault with an "instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury."[7] Aggravated assault committed by use of a deadly or offensive weapon does not require a specific criminal intent; it requires only proof of a general intent to injure.[8]

Although the evidence was sufficient to support a conclusion that Elrod possessed the requisite criminal intent to commit aggravated assault,[9] it was not overwhelming in that regard. With respect to the first collision, Schrader testified that Elrod "cut" into his patrol car, and that Elrod knew that Schrader's car was next to his truck at the time. Elrod testified that he was looking into his rearview mirror at the time and that he hit Schrader while trying to keep his truck from running off the road. With respect to the second collision, Schrader testified that Elrod "rammed" his car, but acknowledged that Elrod's headlights had gone out before the impact. Elrod testified that, by that time, he had lost control of his steering. There were no

---

[2] OCGA § 16-10-24.

[3] See *Holeman v. State*, 226 Ga. App. 879, 880 (1) (487 SE2d 700) (1997).

[4] (Citation and punctuation omitted.) *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444) (1994).

[5] (Citation omitted.) *Holeman*, supra.

[6] Id.; see also *Edwards*, supra at 133.

[7] OCGA § 16-5-21 (a) (2).

[8] *Durrance v. State*, 250 Ga. App. 185, 186-187 (2) (549 SE2d 406) (2001).

[9] See id.

other witnesses to either collision. Because the evidence of aggravated assault was not overwhelming, the error was not harmless and Elrod's conviction for aggravated assault on a peace officer must be reversed.

2. Elrod contends that the trial court erred by failing to charge the jury that knowledge is an essential element of the offense of aggravated assault on a peace officer.

"[K]nowledge is an essential element to the offense of the aggravated assault of a [peace] officer . . . [and] the jury must be charged that knowledge is an essential element to the crime."[10] Although the trial court did instruct the jury on the definition of aggravated assault on a peace officer, the court did not instruct the jury that an essential element of the offense is that the accused knew that the alleged victim was a peace officer.[11] The trial court's failure to instruct the jury as to this element, even absent request, was error.[12] On retrial, when instructing the jury on the offense of aggravated assault on a peace officer, the court should instruct the jury that an essential element of the offense is that the accused knew that the alleged victim was a peace officer.

3. Elrod does not challenge his convictions for interference with government property, driving under the influence, failure to maintain lane, reckless driving, attempting to elude a police officer, driving without a valid license or speeding. Those convictions are therefore affirmed.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 29, 2004.

*Jennifer E. Hildebrand,* for appellant.
*Herbert E. Franklin, Jr., District Attorney, Grover W. Hudgins, Assistant District Attorney,* for appellee.

---

[10] *Bundren v. State,* 247 Ga. 180, 181-182 (2) (274 SE2d 455) (1981).
[11] See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 82 (3rd ed. 2003).
[12] *Sosebee v. State,* 169 Ga. App. 370, 372 (6) (312 SE2d 853) (1983).