### S09A1382. ARNOLD v. THE STATE.
(687 SE2d 836)

HUNSTEIN, Chief Justice.

Appellant David Arnold was convicted of felony murder and aggravated assault in connection with the stabbing death of Dale Fortson. Finding no error in the denial of Arnold's motion for new trial,[1] we affirm.

1. The evidence authorized the jury to find that Arnold and the victim were riding in the victim's truck on the night of the crimes; they stopped on Nelms Drive in Atlanta and an altercation occurred. Arnold returned home and a 911 call was placed, reporting that Arnold had been stabbed. The emergency medical technician responding to the call found that Arnold had a superficial laceration on his chest that was not life-threatening; pursuant to protocol, Arnold

---

[1] The crimes occurred on October 14, 2003. Arnold was indicted in Fulton County on April 28, 2006 and charged with malice murder, felony murder based on aggravated assault, and aggravated assault. On April 19, 2007, a jury found Arnold guilty of felony murder and aggravated assault. In an order entered the following day, the trial court merged the aggravated assault conviction into the felony murder conviction and sentenced Arnold to life imprisonment. Arnold's motion for new trial was filed on April 30, 2007 and denied on January 8, 2009; his notice of appeal was timely filed. The appeal was docketed in this Court on May 4, 2009 and submitted for decision on the briefs.

was taken to the hospital. There, Arnold told the attending physician that the wound, which was less than one inch in length and no more than skin deep, was self-inflicted.

Police received a report that a body had been found in the street on Nelms Drive. There they found the victim, dead from multiple stab wounds to the torso and neck. When a cell phone discovered at the scene rang, a detective answered without revealing his identity. The woman calling indicated that she was looking for the phone; the detective arranged to meet her and return the phone in exchange for ten dollars. At the designated meeting place, police encountered Arnold's girlfriend, who told them that Arnold was in the hospital and had asked her to locate his phone.

At the hospital, Arnold told police that the victim drove to Nelms Drive, where he stopped the truck, got out, walked around to the passenger side, and stabbed Arnold in the chest with a pocketknife. Arnold stated that he removed the knife from his chest, stabbed the victim in self-defense, took the victim's truck, and left it in Mozley Park before going home. He told police that they could find the knife at his home and gave consent for them to retrieve it. The victim's truck was located in Mozley Park.

The jury is the judge of witness credibility, and the jury here was entitled to disbelieve the justification defense proffered by Arnold. See *Edwards v. State*, 282 Ga. 259 (1) (646 SE2d 663) (2007). Viewed in the light most favorable to the verdict, we conclude that the evidence adduced at trial was sufficient to enable a rational trier of fact to find Arnold guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Arnold's sole enumeration of error concerns the trial court's denial of his motion to admit evidence of the victim's 1979 robbery conviction pursuant to *Chandler v. State*, 261 Ga. 402 (3) (405 SE2d 669) (1991). See also Uniform Superior Court Rule 31.6.

[E]vidence of a victim's specific acts of violence against third parties is admissible when a defendant claims justification and makes a prima facie showing thereof, follows procedural requirements, and establishes the existence of the prior violent acts by competent evidence. [Cit.]

*Prather v. State*, 275 Ga. 268, 270 (2) (564 SE2d 447) (2002). Here, the trial court's denial of Arnold's motion was based on its determination that he failed to meet his burden of establishing that the victim's prior act involved violence.

During arguments on the motion at trial, Arnold relied on the language of the indictment associated with the victim's 1979 convic-

tion, offering no witnesses or other evidence to establish the facts underlying the crime. This indictment is not included in the appellate record and the copy attached to Arnold's brief does not constitute evidence that can be considered by this Court on appeal. See generally *McDowell v. State of Ga.*, 290 Ga. App. 538, n. 1 (660 SE2d 24) (2008). Nevertheless, the trial transcript does include defense counsel's unchallenged recitation of the allegation set forth in the indictment, namely, that the victim took money and various items "with intent to commit theft by force, by intimidation, and by placing [the robbery victim] in fear of receiving serious bodily injury." Although this language sets forth certain elements of the crime of robbery, see OCGA § 16-8-40 (a) (1) and (2), it does not provide a factual basis for determining whether an act of violence was involved in the robbery at issue. Because Arnold failed to meet the requirements for admission of evidence of violent acts by the victim against third parties, the trial court did not clearly err by denying his motion. See *Ludy v. State*, 283 Ga. 322 (3) (658 SE2d 745) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 1, 2010.

*Derek M. Wright*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Peggy R. Katz*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Mary K. Ware*, Assistant Attorney General, for appellee.