## S12A0081. WESTBROOK v. THE STATE.
### (727 SE2d 473)

NAHMIAS, Justice.

Appellant Mario Westbrook was convicted of the malice murder of Stacey Jefferies and other crimes. He appeals, raising evidentiary and ineffective assistance of counsel claims. We affirm.[1]

---

[1] The crimes occurred in the late evening and early morning hours of October 12-13, 2007. On January 9, 2008, Appellant was indicted for malice murder, felony murder, armed robbery, four counts of aggravated assault, two counts of criminal attempt to commit murder, and nine counts of possession of a firearm during the commission of a crime. On October 21, 2008, after a seven-day trial, the jury convicted Appellant of all but the armed robbery count and the associated firearm count. The trial court sentenced Appellant to life in prison for malice murder, 35 years consecutive on the first count of criminal attempt to commit murder, 30 years consecutive on the second count of criminal attempt to commit murder, five years consecutive on one firearm count, and five-year terms on three other firearm counts to run concurrently with each other and the rest of the sentence. The felony murder conviction was vacated by operation of law, and the other convictions merged for sentencing purposes. On October 28, 2008, Appellant filed a motion for new trial, which he amended on May 17, 2011. After a hearing,

1. The evidence at trial, viewed in the light most favorable to the verdict, showed the following. Appellant went to a dice game in Athens, Georgia, hosted by his cousin, Ellis Ballard. Appellant brought two guns with him — a .25 caliber pistol in his back pocket and a .38 caliber revolver in his bag. Appellant believed Stacey Jefferies cheated him on a marijuana deal that night and that Jefferies and others were cheating in the dice game. After the third time Appellant thought he had been cheated, he went into a bathroom and returned with his pistol drawn. Appellant shot Jefferies in the back of the head, turned and shot Dantonio Watkins in the back, shot Eric Fair in the chest and arm, and then pointed his gun at Demetrius Dowdy, who tackled Appellant and knocked the pistol out of his hand before fleeing.

Appellant then retrieved the revolver from his bag and started picking money up off the floor. After Jefferies moved slightly, Appellant shot him a second time in the head, killing him, and searched his pockets for keys so he could escape in Jefferies's vehicle. Appellant later told another cousin that he had started shooting because "people were picking at him and clowning on him about [his] clothes and he got fed up and he couldn't take no more." Appellant was arrested the next day while hiding in a dumpster, armed with a .38 caliber revolver and .25 caliber pistol.

Six witnesses from the dice game identified Appellant as the shooter in photographic lineups, and ballistics matched shell casings from the crime scene to the pistol and revolver found during his arrest. Appellant admitted at trial that he shot each victim, but he claimed that he thought the men were reaching for weapons. Ballard, Watkins, Dowdy, and other witnesses testified that Appellant was the only person they saw with a gun in the apartment that night.

When viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). See also *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009) (" 'It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.' " (citation omitted)).

2. During the State's case, Jerry Moses testified on direct examination that he saw Appellant shoot Watkins and Fair at the dice game. On cross-examination, defense counsel asked Moses if he had

the trial court denied the motion on June 14, 2011. Appellant filed a timely notice of appeal, and the case was docketed in this Court for the January 2012 term and submitted for decision on the briefs.

told her that he did not see anybody get shot at the dice game. Moses said he did not recall and did not think he had been asked that question. Appellant later called Sherrie Hines, a law student intern who took notes during defense counsel's pretrial interview of Moses. According to Hines, Moses had not mentioned seeing anyone get shot and said he did not see Appellant with a gun. On cross-examination, the State explored the context of Moses's pretrial interview and elicited testimony from Hines that Moses had said he told Appellant on the night of the crimes that "no one has guns because it's not the type of game where you have to worry about getting robbed, they all know each other and wouldn't do that." The trial court overruled defense counsel's objection to that testimony based on improper bolstering.

Appellant contends that the trial court erred. He argues that Hines's testimony was not proper use of a prior consistent statement to rehabilitate Moses from the defense's charge that he was lying when he said that he remembered seeing Appellant shoot Watkins and Fair, and it therefore should have been excluded as inadmissible hearsay under *Woodard v. State*, 269 Ga. 317, 320 (496 SE2d 896) (1998). The State counters that the testimony about Moses's statement was admissible under the "rule of completeness." See *Wilson v. State*, 285 Ga. 224, 229 (675 SE2d 11) (2009). We agree with the State.

OCGA § 24-3-38 provides, "When an admission is given in evidence by one party, it shall be the right of the other party to have the whole admission and all the conversation connected therewith admitted into evidence." This longstanding rule prevents litigants from misleading the jury by presenting portions of prior statements taken out of context and is often "essential in order to arrive at the true drift, intent and meaning of what was said on the previous occasion." *Smalls v. State*, 105 Ga. 669, 671 (31 SE 571) (1898). Thus, "[i]t is the universal rule, in both civil and criminal cases, that, if part of a conversation is introduced, all that is said in the same conversation which is relevant to the issue should be admitted." *West v. State*, 200 Ga. 566, 569 (37 SE2d 799) (1946).

Appellant notes that OCGA § 24-3-38 does not make admissible parts of a statement that are irrelevant to the case and to the parts of the statement introduced into evidence by the opposing party. See *Boatman v. State*, 272 Ga. 139, 141 (527 SE2d 560) (2000). But the part of Moses's prior statement challenged here satisfies this requirement. It helped to rebut the defense's charge that Moses had fabricated his incriminating testimony at trial by showing that he had also made statements incriminating Appellant during his pre-trial interview with defense counsel, and the statement also addressed Appellant's self-defense claim and thus was relevant to the case. Moreover,

the evidence of Appellant's guilt was overwhelming, so any possible error with regard to this aspect of Hines's testimony was harmless. See *Stanford v. State*, 272 Ga. 267, 268 (528 SE2d 246) (2000) (finding harmless error due to overwhelming evidence of guilt even though a hearsay statement might have been improperly admitted at trial under OCGA § 24-3-38).

3. Appellant also challenges Hines's testimony on cross-examination that Moses had said "no one said [or] did anything to [Appellant] to warrant him killing someone" and Appellant "had no reason to shoot anyone." Appellant contends that whether the victim was killed with malice or justification was an opinion on an ultimate fact, so that these statements improperly "invade[d] the province of the jury." *Fordham v. State*, 254 Ga. 59, 59 (325 SE2d 755) (1985). However, Appellant did not object on this ground at trial, and he is therefore barred from raising the issue on appeal. See *Huntley v. State*, 271 Ga. 227, 230 (518 SE2d 890) (1999). Moreover, even assuming that an objection on this ground would have been sustained,[2] the testimony was harmless. There is no reason to think that the jury relied on Moses's opinion on justification as relayed by Hines, as opposed to the substance of Moses's own testimony at trial, which made it clear that the events at the dice game as he (and other witnesses) described them gave Appellant no reason to shoot the victims. Thus, it is highly probable that this testimony "did not contribute to the verdict, and . . . a new trial is therefore not warranted." Id. at 230.

4. Appellant claims that his trial counsel provided constitutionally inadequate representation due to four alleged errors. To prevail on this claim, Appellant must show both that his counsel's performance was professionally deficient and that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been more favorable to him. See *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SC 2052, 80 LE2d 674) (1984).

(a) Appellant first alleges that trial counsel was deficient in failing to properly object to Hines's testimony recounting Moses's pretrial statement about his opinion on justification for the shootings. However, as discussed in the previous division, even assuming that such an objection should have been made and would have been sustained, no reasonable probability exists that Hines's testimony on this point affected the outcome of the trial, given Moses's own trial

---

[2] But see *DeLeon v. State*, 289 Ga. 782, 783 (716 SE2d 173) (2011) (finding no error where witnesses "were not asked and did not testify as to whether they believed appellant acted in self-defense and so they did not express an opinion on the ultimate issue of fact").

testimony as well as the other evidence of Appellant's guilt. See *Pierce v. State*, 286 Ga. 194, 198 (686 SE2d 656) (2009) ("We need not determine whether counsel's performance was deficient if we determine that the prejudice prong [of *Strickland*] is not satisfied").

(b) Appellant claims that trial counsel was deficient in eliciting an arresting officer's testimony that he had heard over the police radio that Appellant "was armed with a gun and had stated that he was prepared to use it." Appellant acknowledges that "trial counsel is afforded tremendous deference over matters of trial strategy" but notes that "trial strategy must be reasonably supported and within the wide range of professionally competent assistance." *Turpin v. Christenson*, 269 Ga. 226, 239 (497 SE2d 216) (1998). Trial counsel's question to the officer was designed to show that he was being overly dramatic on the witness stand, and the officer's answer supported that theory. Appellant has not shown that this trial tactic was patently unreasonable and has therefore failed to establish deficient performance. Moreover, Appellant cannot establish prejudice, because other evidence showed that Appellant was in fact armed with two guns when he was arrested and that he had displayed a willingness to use those guns when he felt threatened.

(c) Appellant next contends that trial counsel was deficient in failing to request a jury charge on accident. See OCGA § 16-2-2 ("A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence."). However, self-defense was Appellant's theory of the case, and the only possible evidentiary support for an accident charge was Appellant's own confused and contradictory testimony about the cause of his second shot to Jefferies's head. Appellant suggested at one point in his testimony that the second shot was accidental, saying the gun went off unexpectedly when Jefferies moved and Appellant fell backwards. However, Appellant also insisted at trial that he shot all the victims in self-defense, including both times he shot Jefferies, and at another point, he testified clearly that he fell backwards only *after* he shot Jefferies the second time.

It would be reasonable for trial counsel to decide that, even if an accident instruction could be obtained from the trial court based on this very slender evidentiary basis,[3] it could distract the jury from

---

[3] But see *Stewart v. State*, 261 Ga. 654, 654 (409 SE2d 663) (1991) (holding that the trial court was not required to give an accident instruction where the defendant said pre-trial that he aimed a loaded gun at the victim's face to show her what "being under the gun" was like, but then testified at trial that while sitting next to the victim, he pulled a loaded gun across his lap, planning to show her what "being under the gun was like," and the gun went off when he was

Appellant's main defense of justification and could even backfire by making it seem like he was willing to say and argue anything in order to avoid conviction. Accordingly, Appellant has failed to show deficient performance. See *Whiting v. State*, 269 Ga. 750, 752-753 (506 SE2d 846) (1998) (holding that defense counsel's decisions as to what jury instructions should be requested are generally matters of tactics and strategy). Moreover, there was clearly no prejudice, because the medical examiner testified that the first shot to Jefferies's head inflicted a fatal wound and that the second shot, even if it was accidental, only hastened his death.

(d) Finally, Appellant maintains that trial counsel was deficient in failing to present evidence about two of the victims' alleged acts of violence against third parties as authorized by *Chandler v. State*, 261 Ga. 402, 407 (405 SE2d 669) (1991). However, the trial court found at the motion for new trial hearing that the evidence of the alleged prior acts of violence was not credible. Accordingly, Appellant failed to show that trial counsel acted unreasonably in not presenting this evidence at trial. In addition, Appellant failed to demonstrate a reasonable probability that the admission of this at best weak evidence would have resulted in a different verdict, given the overwhelming evidence of his guilt.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2012.

*Charles E. W. Barrow*, for appellant.

*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General*, for appellee.

---

putting it in his hand, because under both scenarios, the defendant showed an utter disregard for the victim's safety which was criminally negligent).