**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 7, 2015**

# In the Court of Appeals of Georgia

A15A0621. BURDEN v. THE STATE.

McFADDEN, Judge.

A jury found Ishmael Burden guilty of aggravated assault. The trial court entered judgment of conviction, imposed a 15-year sentence and denied a motion for new trial. Burden appeals, claiming that the trial court erred in overruling an objection to a leading question by the state, failing to give a jury charge on simple assault as a lesser included offense, refusing to allow evidence of prior acts of violence by the victim and admitting Burden's confession into evidence. However, the challenged question was not leading, any error in the jury charge was harmless, the trial court did not abuse its discretion in excluding evidence of prior acts by the victim and the trial court did not clearly err in admitting the confession. We therefore affirm.

Construed in favor of the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that on March 7, 2011, Burden called a taxicab company for a ride, giving a false phone number and home address. At approximately 1:30 a.m., the taxi driver dispatched to the location found Burden and an accomplice waiting near the address. Once inside the cab, Burden and his accomplice attacked the driver. Burden hit the driver on the head as his accomplice sprayed the driver with pepper spray. During the attack, Burden and the accomplice demanded money from the driver and tried to reach into his pockets. When the driver began to drive erratically, Burden and his accomplice jumped out of the moving vehicle and fled. The police were contacted and subsequently apprehended Burden and the accomplice. Burden gave a statement to the police, confessing that he and his accomplice had planned to rob the taxi driver, that they had hit and pepper-sprayed him and that they had tried to take his money.

1. *Leading question.*

Burden claims that the trial court erred in overruling his objection to an improper leading question when the prosecutor asked the victim, "Was any money demanded of you?" But contrary to Burden's claim, this was not a leading question

because it did not suggest a desired answer, and instead simply called for a "yes" or "no" response from the witness.

"A question is leading when it is so framed as to suggest to the witness the answer which is desired; on the other hand, a question not suggesting the desired answer is not leading where it inquires only into a single fact." *Milner v. State*, 258 Ga. App. 425, 429 (1) (574 SE2d 457) (2002) (citations and punctuation omitted). Thus, "a question is not open to the objection that it is leading when it does not suggest the answer desired. [Cits.]" *Ealey v. State*, 139 Ga. App. 110, 111 (227 SE2d 902) (1976). Because the question here inquired only into a single fact and did not suggest an answer, the trial court properly overruled Burden's objection. See *Riley v. State*, 268 Ga. 640, 642 (2) (d) (491 SE2d 802) (1997) (question not leading where it asked for a "yes or no" response); *Milner*, supra (no improper leading where "state propounded a yes-or-no question").

2. *Jury charge.*

Burden contends that the trial court erred in failing to give a jury charge on simple assault as a lesser included offense of aggravated assault. However, even if we assume error, "we hold that in light of the overwhelming evidence against [Burden, including his confession], it is highly probable that the failure to give this charge did

3

not contribute to the verdict." *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). Accordingly, any error in the trial court's failure to charge simple assault as a lesser included offense was harmless. See *Holeman v. State*, 226 Ga. App. 879, 880 (1) (487 SE2d 700) (1997) (harmless error in failing to give lesser included offense charge where there was overwhelming evidence that defendant committed aggravated assault).

3. *Prior acts of victim.*

Burden argues that the trial court erred in excluding evidence of prior acts of violence by the victim against third parties. The argument is without merit.

"An exception to the general rule that a victim's violent character is rarely relevant in a criminal proceeding exists when a defendant claims his actions were justified and offers evidence that the victim was the aggressor. [Cit.]" *Smith v. State*, 292 Ga. 316, 317-318 (2) (737 SE2d 677) (2013). Under that exception, evidence of a victim's specific acts of violence against third parties is admissible when a defendant makes a prima facie showing of justification, follows certain procedural requirements, *"*and establishes the existence of the prior violent acts by competent evidence." *Arnold v. State*, 286 Ga. 418, 419 (2) (687 SE2d 836) (2010) (citations omitted). "We review the trial court's decision to exclude evidence of a victim's acts

4

of violence against a third parties only for abuse of discretion. [Cit.]" *Slaughter v. State*, 292 Ga. 573, 576 (2) (740 SE2d 119) (2013).

Here, during the hearing on the motion to admit such evidence, Burden relied on the victim's prior criminal record, but "offer[ed] no witnesses or other evidence to establish the facts underlying the [prior] crime[s]." *Arnold*, supra at 420 (2). Likewise, on appeal, he simply refers to the prior criminal record and a protective order obtained by the victim's spouse. Thus, Burden has not met his burden of introducing competent evidence that "meet[s] the requirements for admission of [specific] violent acts by the victim against third parties[.]" Id. Accordingly, the trial court did not abuse its discretion in excluding the evidence. See *Brown v. State*, 295 Ga. 804, 811-813 (5) (c) (764 SE2d 376) (2014) (no abuse of discretion in excluding evidence where defendant proffered only inadmissible hearsay police reports to prove alleged prior acts of violence by victim).

Moreover, "[e]ven assuming the trial court abused its discretion in excluding the evidence, . . . any error was harmless in light of the overwhelming evidence against [Burden]." *Bennett v. State*, 289 Ga. App. 110, 114 (2) (657 SE2d 6) (2008). See also *Allen v. State*, 288 Ga. 263, 268 (6) (702 SE2d 869) (2010) (given overwhelming evidence of appellant's guilt, highly probable that the erroneous

exclusion of evidence did not affect the verdict); *Westbrook v. State*, 291 Ga. 60, 65 (4) (d) (727 SE2d 473) (2012) (in context of ineffective assistance claim, finding no reasonable probability that failure to present evidence of victim's acts of violence against third parties would have resulted in different verdict where there was overwhelming evidence of guilt).

4. *Denial of motion to suppress confession.*

The trial court did not err in denying Burden's motion to suppress evidence of his confession. At the time of trial, OCGA § 24-3-50 provided that "[t]o make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."[1] The hope of benefit "that will render a confession involuntary under OCGA § 24-3-50 must relate to the charge or sentence facing the suspect." *White v. State*, 266 Ga. 134, 135 (3) (465 SE2d 277) (1996). Here, while the detective interviewing Burden told him that he might garner sympathy by being honest and forthcoming, the officer did not promise a lighter sentence or reduced charges. Such "[e]xhortations to tell the truth

---

[1] Under the current evidence code, OCGA § 24-8-824 similarly provides that "[t]o make a confession admissible, it shall have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."

are not a hope of benefit that renders a confession inadmissible under OCGA § 24-3-50." *Cantrell v. State*, 299 Ga. App. 746, 748 (1) (683 SE2d 676) (2009).

Likewise, a detective's statement that he was getting "pissed off" did not amount to a threat of injury that renders the confession inadmissible. At the hearing on the motion to suppress, the detective testified that Burden giggled when the detective used that phrase and thus he did not think Burden was intimidated. "Physical or mental torture is the type of fear of injury that prevents a confession from being admissible pursuant to former OCGA § 24–3–50." *Browner v. State*, 296 Ga. 138, 142 (2) (765 SE2d 348) (2014) (citations omitted). Here, while we do not condone the detective's choice of words, there simply is no evidence that they amounted to a threat that would give rise to any such fear of injury, and the trial court's determination that the confession was not the result of any intimidation or threats is not clearly erroneous. See *Raulerson v. State*, 268 Ga. 623, 627 (2) (b) (491 SE2d 791) (1997) (trial court's admission of confession upheld where defendant claimed confession was product of intimidation because interrogating officer became angry during interview and brushed back jacket revealing gun). "Considering the totality of the circumstances, the trial court did not clearly err in admitting [Burden's] statement." *Ashmore v. State*, 323 Ga. App. 329, 332 (1) (746 SE2d 927) (2013).

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*