305 Ga. 638
FINAL COPY

S19A0065.  BELLAMY v. RUMER.

ELLINGTON, Justice.

We granted George Bellamy's pro se application for discretionary appeal to address whether the Superior Court of Muscogee County erred in entering an order denying the filing of Bellamy's petition for mandamus. For the reasons set forth below, we reverse.

George Bellamy was convicted of malice murder in 1998 in Muscogee County. See *Bellamy v. State*, 272 Ga. 157 (527 SE2d 867) (2000). The indictment named him as "George Bellamy aka Michael Johnson aka Lamar Ellison." In 2014, Bellamy filed pro se a "Motion for Leave to Correct Indictment Misnomer," asserting that his legal name is actually Michael Johnson and that Bellamy is an alias. The motion was denied by Judge William C. Rumer in 2014, and this

Court dismissed his untimely direct appeal from that order on February 2, 2015.

On July 3, 2017, with the assistance of counsel, Bellamy filed a substantially similar second motion entitled "Motion to Correct Clerical Error." On April 16, 2018, after two requests for a ruling had gone unanswered, Bellamy, pro se, filed a "Petition for Writ of Mandamus," seeking to have Judge Rumer "consider and issue a ruling on the pending motion to correct the clerical error." On June 7, 2018, another judge of the Superior Court of Muscogee County issued a form order denying the filing of Bellamy's "Civil Complaint" against Judge Rumer pursuant to OCGA § 9-15-2 (d), pertaining to the judicial review of pro se filings.[1] The superior court found that

---

[1] OCGA § 9-15-2 (d) provides:

When a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. If the judge does not so find, then the judge shall enter an order allowing

Bellamy's pleading showed on its face such a complete absence of any "justifiable [sic] issues of law or fact that it cannot be reasonably believed that this Court could grant" the requested relief.

Upon granting Bellamy's application for a discretionary appeal, this Court directed the parties to consider whether the superior court erred in denying the filing of the mandamus petition. Based on exhibits attached to its briefs, the State contends that Judge Rumer denied Bellamy's pending motion to correct the alleged misnomer on September 25, 2018; therefore, the State argues, the issue raised in this appeal is moot. However, that order is not included in the official appellate record and the exhibits attached to the State's brief are not part of the official record on appeal. Consequently, there is no evidence before this Court supporting the State's contention that the appeal is moot. See *Arnold v. State*, 286 Ga. 418, 420 (2) (687 SE2d 836) (2010) (An exhibit attached to a brief which is not a part of the appellate record "does not constitute

filing and shall return the pleading to the clerk for filing as in other cases. An order denying filing shall be appealable in the same manner as an order dismissing an action.

evidence that can be considered by this Court on appeal." (citation omitted)).

Based on our review of the record, we must conclude that the superior court's order denying the filing of Bellamy's mandamus petition pursuant to OCGA § 9-15-2 (d) was error. A justiciable issue is patent from the face of Bellamy's mandamus petition, that is, whether Judge Rumer failed to comply with his duty to timely rule on Bellamy's pending motion. The record shows that, when Bellamy filed the mandamus petition, he had been waiting for a ruling on his motion for nine months, which is considerably outside the maximum period during which a judge is required to decide a pending motion. See OCGA § 15-6-21.[2] For these reasons, the order denying the filing

---

[2] If a superior court judge fails to comply with OCGA § 15-6-21, a petitioner may seek a writ of mandamus from another superior court judge. See *Brown v. Johnson*, 251 Ga. 436 (306 SE2d 655) (1983). A superior court judge has a duty to promptly decide pending motions "of any nature." OCGA § 15-6-21 (a), (b). If the judge is in a county that has less than 100,000 inhabitants, the judge must decide the motion "within 30 days after the same [has] been argued before him or submitted to him without argument[.]" OCGA § 15-6-21 (a). For counties with more than 100,000 inhabitants, the court has 90 days to decide the motion. OCGA § 15-6-21 (b). Although the record in this case does not contain a finding on the number of inhabitants in Muscogee County, it is clear that the court did not comply with either the 30-day or 90-day requirement.

of Bellamy's mandamus petition must be reversed.

Judgment reversed. All the Justices concur, except Warren, J., not participating.

Decided April 15, 2019.

Mandamus. Muscogee Superior Court. Before Judge Mullins.

George Bellamy, pro se.

Julia F. Slater, District Attorney, Frederick Lewis, Assistant District Attorney; Christopher M. Carr, Attorney General, Annette M. Cowart, Deputy Attorney General, Rebecca S. Mick, Russell D. Willard, Senior Assistant Attorneys General, for appellee.