**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**December 10, 2024**

# In the Court of Appeals of Georgia

A24A1787. ROUSE v. THE STATE.

MERCIER, Chief Judge.

Following a jury trial, Andre Rouse was convicted of fleeing or attempting to elude a police officer, misdemeanor obstruction, reckless driving, two counts of speeding, and three counts of aggravated assault. Rouse appeals the denial of his motion for new trial, arguing that he received ineffective assistance of counsel at trial and that the trial court erred in charging the jury. For reasons that follow, we affirm in part and reverse in part.

Viewed in the light most favorable to the jury's verdict, see *Lee v. State*, 317 Ga. 880, 881 (896 SE2d 524) (2023), the evidence shows that on September 18, 2022, Lieutenant Matthew Lynn of the Bryan County Sheriff's Office stopped a vehicle

driven by Rouse for speeding on Highway 17 in Bryan County. As Lynn conducted the traffic stop, he detected a strong odor of marijuana coming from Rouse's vehicle and observed that Rouse had glassy, reddish eyes and droopy eyelids. Concluding that Rouse might be under the influence of marijuana, Lynn called for backup to assist him with the DUI investigation.

Deputy William Wayne arrived to assist Lynn, and once Wayne made contact with Rouse, he also detected a strong odor of marijuana coming from Rouse's vehicle and noted that Rouse's eyes were bloodshot, watery, and dilated. Wayne asked Rouse to exit his vehicle for the DUI investigation, but Rouse refused to comply. Instead, Rouse put his vehicle into drive and fled the scene, almost striking other vehicles as he accelerated. Lynn and Wayne pursued Rouse in their marked patrol cars with lights and sirens engaged. During the chase, which extended for several miles over Highway 17 and Interstate 95, Rouse reached speeds exceeding 100 mph on Highway 17 and 120 mph on I-95. In Richmond Hill, Rouse quickly changed course and exited off of I-95. Lynn, who was directly behind Rouse, lost control of his patrol car as he attempted to follow Rouse off the Interstate, left the roadway, and crashed, sustaining several

broken ribs and dislocating his hip. Also near the exit, Rouse almost hit a car driven by Roshieka Clay, who was forced to pull off of the roadway to avoid the collision.

Rouse continued to drive at high speed after he exited from I-95, with Wayne in close pursuit. According to Wayne, Rouse accelerated to over 100 mph, then slammed on his brakes, causing a collision with Wayne's vehicle. Rouse sped off after the collision, and Wayne followed, trying to stop Rouse with a "pit maneuver," but Rouse braked and side-swiped Wayne's vehicle. Wayne eventually managed to move in front of Rouse and block the road, at which point Rouse crashed into the backside of the patrol car, ending the chase. Wayne ordered Rouse out of his vehicle and placed him under arrest. A search of the vehicle revealed a handgun and an ashtray filed with suspected marijuana. During the collisions with Rouse's car, Wayne sprained both of his wrists and broke a finger.

Rouse was indicted for multiple crimes relating to the incident, and the jury found him guilty of fleeing or attempting to elude a police officer (Count 1), aggravated assault of Lynn (Count 3), aggravated assault of Wayne (Count 4), aggravated assault of Clay (Count 5), misdemeanor obstruction for refusing to exit his

vehicle during the traffic stop (Count 9), two counts of speeding (Counts 11 and 12), and reckless driving (Count 13).[1] He now appeals, raising several claims of error.

1. Rouse argues that his trial counsel provided ineffective assistance by failing to object to or move for a mistrial regarding several statements made by the prosecutor during closing argument. To prevail on this claim, Rouse "must show both that his counsel's performance was deficient and that such deficiency prejudiced his defense." *Lee*, 317 Ga. at 886 (2). A claimant establishes deficient performance by demonstrating that trial counsel "performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms." Id. (citation and punctuation omitted). Prejudice results when "there is a reasonable probability that, but for . . . trial counsel's deficiency, the result of the trial would have been different." Id. at 887 (2) (citation and punctuation omitted).

(a) Prior to trial, the State moved in limine to prevent Rouse from presenting evidence and/or arguing that the officers' collective decision to chase him violated the

---

[1] Although the jury found Rouse guilty of a second count of fleeing or attempting to elude (Count 2), the trial court merged that offense into Count 1 at sentencing. Jurors found Rouse not guilty of interfering with government property (Count 6), possession of a firearm by a convicted felon (Count 7), possession of a firearm during the commission of a felony (Count 8), and driving under the influence of drugs (Count 10).

emergency pursuit policy adopted by the Bryan County Sheriff's Office or conflicted with the pursuit policies of other governmental entities. According to the State, such evidence and argument were irrelevant to the charges at issue. The trial court granted the motion, concluding that "we won't make an issue about whether or not the deputies were authorized to pursue Mr. Rouse, pursuant to their policies." Nevertheless, the State brought up the Bryan County Sheriff's Office emergency pursuant policy several times at trial. Upon questioning from the State, for example, Lynn testified that he and Wayne had followed the policy, which allowed the officers to pursue Rouse. And during closing argument, the prosecutor stated:

> Now, I know some of you are asking this question. . . . Why chase? It's not a question for you or I, or the attorney. What you need to know is that you've heard the testimony that the Bryan County Sheriff's Office has a policy in place and these boys were doing their job pursuant to that policy. They're committed to chase. The [U. S.] Supreme Court has even been called in on this. In 2007 they came out with an opinion about chasing and about the potential of bodily harm during the chase.

The prosecutor then read jurors a quote from the United States Supreme Court's decision in *Scott v. Harris*, 550 U. S. 372, 386 (III) (B) (2) (127 SCt 1769, 167 LE2d 686) (2007), which held that "[a] police officer's attempt to terminate a

5

dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death." Referencing the officers, the prosecutor continued: "Those gentlemen operated in accordance with the United States law that day. Don't put them on trial for what they did." Trial counsel did not object to these statements.

Rouse argues that trial counsel was deficient in failing to object to the closing argument, asserting that the prosecutor vouched for the pursuing officers' actions and violated the in limine ruling. Even if the prosecutor's argument was objectionable, however, we find no prejudice.

Rouse has not argued or demonstrated on appeal that the officers' decision to pursue him violated any law or policy. On the contrary, one of the officers testified, without objection, that the high-speed chase complied with the official emergency pursuit policy. And although the trial court advised Rouse that he could argue at trial that the officers "didn't have any reason to pursue him[,]" he made no such claim below. Instead, he asserted that he fled because his interaction with the officers at the traffic stop made him fearful for his safety. Finally, the trial court instructed the jury on three separate occasions that statements made during closing argument do not

constitute evidence, noting twice that jurors were required to make their decision based on the evidence presented. That evidence included extensive body and dash-cam video of what transpired during the traffic stop and ensuing chase.

Given these circumstances, we fail to see — and Rouse has not shown — how the prosecutor's statements regarding authority for the high-speed chase impacted the jury's verdicts. See *Sallee v. State*, 329 Ga. App. 612, 622 (8) (b) (765 SE2d 758) (2014) ("Given the trial court's instruction, there is no reasonable probability that the verdict would have been different but for trial counsel's failure to object to the State's closing argument."); *Anderson v. State*, 257 Ga. App. 602, 603 (2) (b) (571 SE2d 815) (2002) ("What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence.") (citation and punctuation omitted). This claim of ineffective assistance lacks merit.

(b) Rouse further argues that trial counsel performed deficiently by failing to object to the following statement made by the prosecutor during closing argument:

> Now remember, I asked you at jury selection . . . if I told you what the law was and you didn't quite like it, you didn't agree with it, could you still follow the law if I told you what the law was. And you all said that you could. And that's what I'm asking you to do today.

According to Rouse, the prosecutor improperly usurped the trial court's role by asserting that she — not the trial court — would provide the law to the jury. Before this statement, however, the prosecutor made clear that the trial court would instruct jurors on the law, explaining: "What [defense counsel] and I are here to say, is to argue a position. But ultimately, what [the judge] instructs is what governs." The trial court also informed the jury as follows: "The Court states the law. You find the facts. You should apply the law that I give you in this charge to the facts as you find them to be."

Jurors were instructed that they should apply the law given by the trial court, and "qualified jurors under oath are presumed to follow" the court's instructions. *Sallee*, 329 Ga. App. at 622 (8) (b) (citation and punctuation omitted). Regardless of whether trial counsel should have objected to the prosecutor's misstatement in closing argument, the jury was fully informed about the court's role at trial, as well as the purpose of closing argument. Because Rouse was not prejudiced by the prosecutor's misstatement, he cannot establish ineffective assistance on this ground. See *Varner v. State*, 306 Ga. 726, 735 (3) (c) (832 SE2d 792) (2019) (appellant not prejudiced by trial counsel's failure to object to prosecutor's misstatement of law because closing

8

arguments are not evidence and the trial court properly instructed jurors on the legal issue).

2. Next, Rouse argues that the trial court erred in refusing to instruct the jury on the lesser included offense of misdemeanor obstruction with respect to Count 1, which charged Rouse with felony fleeing or attempting to elude a police officer.[2] An offense is included in a charged crime if

(1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or

(2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.

OCGA § 16-1-6. "A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included

---

[2] Rouse appears to raise this same claim with respect to the fleeing or attempting to elude offense encompassed by Count 2 of the indictment. The trial court, however, merged Count 2 into Count 1 at sentencing. His challenge with respect to Count 2, therefore, is moot. See *Allen v. State*, 315 Ga. 524, 529 (2) n.3 (883 SE2d 746) (2023); *Ellington v. State*, 314 Ga. 335, 340 (2) (877 SE2d 221) (2022).

offense." *Gibson v. State*, 265 Ga. App. 325, 329 (593 SE2d 861) (2004) (citation and punctuation omitted).

The offense of fleeing or attempting to elude occurs when a person wilfully "fail[s] or refuse[s] to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop." OCGA § 40-6-395 (a). The crime elevates from a high and aggravated misdemeanor, see OCGA § 40-6-395 (b) (1), to a felony under certain circumstances, including when, while fleeing or attempting to elude a pursuing police officer, the offender "[o]perates his or her vehicle in excess of 20 miles an hour above the posted speed limit[.]" OCGA § 40-6-395 (c) (1). In this case, the indictment charged Rouse with felony fleeing and attempting to elude under the enhanced provision, alleging that he "willfully fail[ed] to bring his vehicle to a stop while operating his vehicle in excess of 20 miles an hour above the posted speed limit . . . , after having been given an audible and visual signal to bring his vehicle to a stop by Deputies William Wayne and Matt Lynn[.]"

With respect to this allegation, Rouse asked the trial court to instruct the jury on the lesser included offense of misdemeanor obstruction, which results when a

10

person "knowingly and willfully obstructs or hinders any law enforcement officer . . . in the lawful discharge of his or her official duties[.]" OCGA § 16-10-24 (a). The trial court refused to give the requested charge. Rouse enumerates this refusal as error, noting that "flight from police apprehension is sufficient opposition to support an obstruction charge." *Gibson*, 265 Ga. App. at 328-329. See also *Lebis v. State*, 302 Ga. 750, 760 (III) (808 SE2d 724) (2017) ("Flight after a lawful command to halt constitutes obstruction of an officer."). But even if a charge on misdemeanor obstruction was warranted, Rouse cannot show that the claimed charging error harmed him. See *Lumpkin v. State*, 245 Ga. App. 627, 629 (538 SE2d 514) (2000) (although charging errors are generally presumed to be harmful, reversal is not required if "it is highly probable that the failure to give a charge on a lesser included offense did not contribute to the verdict") (citation and punctuation omitted).

A key element of the felony fleeing or eluding allegation was that Rouse exceeded the speed limit by 20 mph during the chase. Both Lynn and Wayne testified to this fact, asserting that Rouse traveled at over 120 mph on I-95, which had a posted speed limit of 70 mph. Lynn further testified that the dash cam on his patrol car shakes "violently" at high speeds of 110 to 120 mph. The dash cam video, which the jury

11

watched, shows excessive shaking during the chase on I-95, and Rouse has pointed to no evidence challenging the proof of his speed. Given the overwhelming evidence that Rouse committed felony fleeing or eluding (as opposed to misdemeanor obstruction) by fleeing from police at speeds exceeding 20 mph above the posted speed limit, "it is highly probable that the failure to [charge misdemeanor obstruction as a lesser offense] did not contribute to the verdict." *Burden v. State*, 332 Ga. App. 811, 812 (2) (775 SE2d 183) (2015) (citation and punctuation omitted). Any error in this regard, therefore, was harmless. See id.; see also *Braley v. State*, 276 Ga. 47, 53 (30) (572 SE2d 583) (2002) (error in failing to give charge on lesser-included offense rendered harmless by overwhelming evidence of defendant's guilt on the crime charged).

3. Rouse claims that the trial court erred in failing to give his requested charge on serious injury by vehicle as a lesser included offense of Counts 3 and 4. Those two counts charged that Rouse committed aggravated assault on a police officer by knowingly assaulting Lynn (Count 3) and Wayne (Count 4) "with a vehicle, an object which when used offensively against a person is likely to result in serious bodily injury by using his motor vehicle to slamming [sic] his brakes in order to effect a collision with" the patrol cars.

Under OCGA § 16-5-21 (a) (2), a person commits aggravated assault when he assaults another "with any object, device, or instrument which, when used offensively against a person, is likely to *or* actually does result in serious bodily injury[.]" (Emphasis supplied). The crime of serious injury by vehicle, on the other hand, occurs when a person, "without malice aforethought, causes an accident that *results in* bodily harm while [driving a vehicle in reckless disregard for the safety of persons or property]." OCGA § 40-6-394 (b) (emphasis supplied). "Bodily harm" in this context means

> an injury to another person which deprives him or her of a member of his or her body, renders a member of his or her body useless, seriously disfigures his or her body or a member thereof, or causes organic brain damage which renders his or her body or any member thereof useless.

OCGA § 40-6-394 (a).

We apply the "required evidence test" to determine whether an offense is included in another for purposes of a request to charge. See *Long v. State*, 325 Ga. App. 488, 495 (3) (758 SE2d 604) (2013). Under that test, "the question is not whether the evidence actually presented at trial establishes the elements of the lesser crime, but whether each offense requires proof of a fact which the other does not." Id.

13

(citation and punctuation omitted). Undoubtedly, aggravated assault demands proof of facts not necessary to establish serious injury by vehicle, including the commission of an assault. See OCGA § 16-5-21 (a) (2); see also OCGA § 16-5-20 (a) (defining simple assault). And as charged in the indictment, Counts 3 and 4 required the State to prove that Rouse committed such assault on the officers with an object that, when used offensively, was "*likely to result*" in serious bodily injury. (Emphasis supplied). Given the "likely to result" allegation,[3] the crime of serious injury by vehicle would have required proof of a fact not needed for these offenses — i.e., that bodily harm *actually* resulted from the collisions caused by Rouse. Accordingly, because the alleged greater and lesser crimes needed proof of a fact not required by the other, the trial court properly refused to charge the jury on serious injury by vehicle as a lesser included offense of the aggravated assaults in Counts 3 and 4. See *Long*, 325 Ga. App. at 495-496 (3).

---

[3] In applying the required evidence test, we consider the aggravated assault allegations as indicted, not every possible manner of committing aggravated assault. See *Long*, 325 Ga. App. at 495 (3) n.8.

4. Next, Rouse argues that the trial court erred in failing to give his requested charge on felony obstruction as a lesser included offense of Counts 3 and 4. As to this claim, we agree.

(a) Again, Counts 3 and 4 charged that Rouse knowingly assaulted Lynn (Count 3) and Wayne (Count 4) with his vehicle, an object that when used offensively was likely to result in serious bodily injury, by slamming on his brakes to cause a collision with the patrol cars. The indictment further alleged that the aggravated assaults were committed against the officers while they were engaged in their official duties, enhancing the sentencing provisions and requiring proof that the officers were, at the time of the assaults, discharging their duties. See OCGA § 16-5-21 (c); *Duitsman v. State*, 212 Ga. App. 348, 348 (1) (441 SE2d 888) (1994). Felony obstruction, which carries a lesser potential penalty than aggravated assault on a police officer, occurs when a person "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his or her official duties by offering or doing violence to the person of such officer[.]" OCGA § 16-10-24 (b).

Given the allegations here — that Rouse knowingly used his vehicle to cause a collision with officers acting in their official capacities — the crime of felony

15

obstruction was established by proof of the same or less than all the facts required to establish Counts 3 and 4 of the indictment. The trial court, therefore, erred in refusing to charge the jury on felony obstruction as a lesser included offense of the aggravated assaults alleged in these counts. See *Elrod v. State*, 265 Ga. App. 335, 336-337 (1) (593 SE2d 879) (2004) (felony obstruction was a lesser included offense of aggravated assault charge alleging that defendant assaulted an officer with his vehicle by ramming the officer's patrol car during a high speed chase); see also *Taylor v. State*, 327 Ga. App. 882, 887-888 (5) (a) (761 SE2d 426) (2014) (felony obstruction was included in the offense of aggravated assault on a police officer where "each count of the crime of obstruction was established by proof of the same or less than all the facts required to establish each count of the crime of aggravated assault") (citation and punctuation omitted); *Dobbs v. State*, 302 Ga. App. 628, 630 (2) (691 SE2d 387) (2010) (same).

(b) The State argues on appeal that any charging error was harmless, given the strong evidence that Rouse's actions constituted aggravated assault on the officers. We disagree.

(i) With respect to Wayne (Count 4), the jury was authorized to find Rouse guilty of aggravated assault by braking with the intent to cause a collision with

16

Wayne's patrol car, an act likely to result in serious bodily injury. But the evidence of such intent was not overwhelming.

Wayne testified that he was only two car lengths behind Rouse when braking occurred during the high-speed chase. The dash cam video from Wayne's car also shows close pursuit and raises at least some question as to the level of braking during the chase. Citing these circumstances, defense counsel argued at trial that Rouse "never intended to brake check" or cause a collision with Wayne, but was simply trying to stop, and Wayne crashed into him because the officer was following too closely. At least some evidence supports this defense, and we cannot dismiss the possibility that the trial court's failure to charge the jury on felony obstruction impacted the verdict. The trial court's error, therefore, was not harmless, and we must reverse Rouse's conviction on Count 4. See *Elrod*, 265 Ga. App. at 337 (1). We note, however, that because the evidence was sufficient to sustain the conviction, the State may retry Rouse on Count 4 without violating the Double Jeopardy Clause. See *Curtis v. State*, 310 Ga. App. 782, 787 (2) (714 SE2d 666) (2011).

(ii) The evidence regarding the aggravated assault on Lynn (Count 3) is more problematic. In fact, it is entirely lacking, offering no support for the conclusion that

Lynn's collision resulted from Rouse slamming on his brakes, as alleged in Count 3. Critically, Lynn did not testify that he crashed because Rouse braked in front of him. Rather, he asserted that he lost control of his car while trying to follow Rouse off the exit ramp at a high rate of speed, explaining: "When I attempted to follow Mr. Rouse's maneuver to get off the Interstate, the rear end of the patrol car broke loose, and I went into a counter clock spin. Crashed."

Despite the State's claim to the contrary, the charging error was not harmless, and we must reverse Rouse's conviction on Count 3. Furthermore, given the absence of proof, we find the evidence insufficient to support the jury's verdict on this count. See *Chitwood v. State*, 352 Ga. App. 218, 222 (1) (b) (ii) (834 SE2d 334) (2019) (reversing conviction where State failed to put forth evidence establishing that defendant committed crime as alleged in the indictment); *Whaley v. State*, 337 Ga. App. 50, 56 (3) (785 SE2d 685) (2016) ("If the indictment sets out the offense as done in a particular way, the proof must show it so.") (citation and punctuation omitted). Rouse, therefore, cannot be retried on Count 3. See *Curtis*, 310 Ga. App. at 787 (2).

5. Rouse argues that the trial court failed to properly instruct the jury with respect to the definition of aggravated assault on a police officer in Counts 3 and 4. As

discussed in Division 4, however, we have reversed Rouse's convictions on Counts 3 and 4. And it appears that any error was caused by the trial court's confusion regarding which of the three aggravated assault charges related to the officers. Because the alleged error is unlikely to recur if the State elects to retry Rouse on Count 4, we need not address it. See *Gibson v. State*, 280 Ga. App. 435, 439 (3) (634 SE2d 204) (2006).

6. Finally, Rouse claims that the cumulative effect of the errors committed below deprived him of a fundamentally fair trial, entitling him to a new trial on all counts. In Division 4, we reversed his convictions as to Counts 3 and 4. As to the remaining counts, we have reviewed the presumed errors discussed in Divisions 1 and 2 and, given the circumstances surrounding the errors, we find it "not at all probable that the collective effect of the assumed errors harmed [Rouse]." *Nundra v. State*, 316 Ga. 1, 16 (6) (885 SE2d 790) (2023) (citation and punctuation omitted).

Accordingly, this claim of error lacks merit.

*Judgment affirmed in part and reversed in part. McFadden, P. J., and Rickman, J., concur.*